James **ANDERSON**, Appellant,

v.

Margaret M. **HECKLER**, Secretary of Department of Health and Human Services, Appellee.

No. 84–1451.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1985.

Decided March 11, 1985.

Ethel Zelenske, Baltimore, Md. (Sharon Braverman, Garth A. Corbett, on brief), for appellant.

Mary Beth McNamara, Gen. Counsel, Social Security Div., Dept. of Health and Human Services (J. Frederick Motz, U.S. Atty., John Douglass, Asst. U.S. Atty., Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, Gen. Counsel, Dept. of Health and Human Services, A. George Lowe, Chief, Disability Litigation Branch, Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

After the claimant, James A. Anderson, was successful in the district court in overturning the Secretary's determination that he was no longer entitled to social security disability benefits, he sought an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.[1] The district

---

1. The sunset provision of the original Act repealed this section effective October 1, 1984. Pub.L. No. 96–481, § 204(c), 94 Stat. 2329 (1980). However, the repeal does not apply to actions commenced prior to that date. The

court ruled that the position of the Secretary was "substantially justified" and denied the application.

We think otherwise. We reverse the judgment of the district court and remand the case for determination of an appropriate award.

## I.

In 1973 Anderson was found to be disabled as a result of schizophrenia and was awarded benefits effective October 1972. The Secretary reviewed his case in February 1974 and September 1975 and determined both times that his disability continued.

Another review was undertaken in 1981, and this time an administrative law judge, whose decision became that of the Secretary, decided that Anderson's disability had ceased in May 1982, because he could engage in nonstressful work and could thus return to his former employment as a laborer in a tin can manufacturing company.

Anderson then filed a pro se complaint in the district court to review and set aside the Secretary's determination. He subsequently obtained the aid of counsel and his suit was successful. By the time that his case was heard, we had decided *Dotson v. Schweiker,* 719 F.2d 80 (4 Cir.1983), which held that there was a presumption of Anderson's continuing disability and that it was the Secretary's burden to rebut the presumption. Anderson's lawyer briefed *Dotson* for the district court; the government's reply made no mention of *Dotson* and indeed argued that Anderson had "the burden of showing that his disability continued past the time of cessation found by the Secretary." As support for her argument, the Secretary relied on a decision of a sister circuit found to be inapposite in

*Dotson.* In reversing the Secretary, the district court made a careful analysis of the medical evidence. It pointed out that two consulting psychiatrists found no improvement in Anderson's condition, one indicating that Anderson was not competent to manage his own funds, and that a consulting psychologist expressed the view that Anderson was not competent to work or to handle money.

The district court found that the only evidence to support the Secretary's decision was in the periodic summary and mental status evaluation of the VA's Day Treatment Center, dated November 6, 1981, which diagnosed Anderson's illness as "schizophrenic reaction, chronic, *in remission,* in a dependent, limited personality." (emphasis added). However, another report from the same agency, with regard to Anderson's condition on April 19, 1982, said, variously, that over the past few months, Anderson "has shown significant emotional decompensation and personality deterioration," that "rehospitalization ... was discussed", that Anderson's "child-likeness [sic] has increased", that "he is capable only of the most limited work in a sheltered setting", that he is "more anxious and much more depressed than he was in January", and that it was "increasingly difficult" to maintain him in the community. Quite correctly, the district court ruled that the evidence was insubstantial to support the Secretary's determination that disability had ceased.

Despite the insubstantiality of the Secretary's case on the merits, the district court denied the subsequent application for attorney's fees. It concluded that the Secretary had "relied upon an arguably defensible administrative record which, under *Guthrie,*[2] established substantial justification for the government's position." The dis-

---

instant case was filed in the district court on May 16, 1983.

**2.** *Guthrie v. Schweiker,* 718 F.2d 104 (4 Cir. 1983). In *Guthrie* we held that the Act applied to social security cases, and a prevailing claimant could obtain an award of attorney's fees if

the government's position in opposing his claim was not "substantially justified." We also held that "fees cannot be allowed for services rendered in the administrative proceedings." *Id.* at 108.

trict court further commented that, although the evidence to support the Secretary was not substantial, "the administrative record was not entirely bereft of evidence in support of the government's position."

## II.

By the terms of the Act a prevailing party is entitled to an award of fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The only issue in this case is whether the position of the United States was "substantially justified." In *Smith v. Heckler*, 739 F.2d 144 (4 Cir.1984), we held, relying on the legislative history of the Act, that the government could defeat a claim for fees if it showed that its position "had a reasonable basis both in law and fact." *Id.* at 146. In the instant case, there are before us only two questions of the reasonableness of the Secretary's legal position—the legal argument as to burden of proof and whether there was substantial evidence to support the Secretary's determination. When we apply that test here, we conclude that the government had no reasonable basis for either legal position.

The Secretary's legal position with respect to her burden of proof was manifestly unreasonable. Even after a controlling precedent in this circuit was called to her attention, she ignored it and, even worse, argued in opposition to it without attempting to show how or why it was inapplicable. In cases in this circuit, the Secretary and her statutory counsel are bound by the precedents in this circuit until they are displaced by higher authority or are overruled by this court. Of course the Secretary is always free to argue reasons why she thinks a case is not controlling, or, if it is controlling, she may argue *to this court* why she thinks that it should be modified, but there was no such effort made in the instant case. The Secretary argued either out of shocking ignorance or shocking disrespect for the courts before which she appeared.

We also think that the Secretary's legal position with respect to the sufficiency of the evidence to support her decision was unreasonable. We reject the standard applied by the district court—whether there is some evidence to support the Secretary's position. We think that the test is whether arguably there was substantial evidence to support the Secretary's position. In this case, we think that there was not. An unexplained, unsupported phrase—"in remission"—in a report neither constitutes substantial evidence nor arguably constitutes substantial evidence when all of the Secretary's other medical evidence points in the opposite direction and when the organization employing the isolated phrase contradicts the correctness of that use by another almost contemporaneous, detailed, graphic report. It would seem elementary, except perhaps to the Secretary, that if the VA Day Treatment Center's report of "in remission" is to be given credence, there is on this record no ground not to believe the later report from the same agency that indicated Anderson immediately worsened and is but a step from being institutionalized. Thus there was no factual basis from which it could reasonably be argued that Anderson's disability had ceased, so the Secretary's legal argument that there was such evidence was not substantially justified.

REVERSED AND REMANDED.