Josephine CAMPBELL, Appellant,

v.

Otis BOWEN, Secretary, Department of Health and Human Services, Appellee.

No. 85–2328.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1986.

Decided June 27, 1986.

Victoria R. Robinson (Dennis W. Carroll, Administrative Law Center, Legal Aid Bureau, Inc., Baltimore, Md., on brief), for appellant.

Claire S. Hoffman, Social Security Div., Dept. of Justice, Washington, D.C. (Breckinridge L. Willcox, U.S. Atty., Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel, Baltimore, Md., for Social Security Litigation, John M. Sacchetti, Chief, Retirement and Survivers Ins. Litigation Branch, Washington, D.C., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL and PHILLIPS, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

Josephine Campbell appeals the district court's order denying an award of attorneys fees pursuant to the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West Supp.1986) (the Act). Because we conclude that the district court did not err in finding that the position taken by the Secretary of Health and Human Services (the Secretary) in opposing an award of disability benefits was "substantially justified" within the meaning of the Equal Access to Justice Act, we affirm.

## I

Josephine Campbell filed a complaint in the district court challenging the Secretary's final decision denying her social security disability benefits. The district court granted Campbell's motion for summary judgment, reversing the decision of the Secretary. Final judgment was entered in favor of Campbell, and the Secretary did not appeal.

On September 4, 1985, after the reenactment of the Equal Access to Justice Act, see Pub.L. No. 99–80, 99 Stat. 183 (1985), Campbell moved for an award of attorneys fees pursuant to the Act. Campbell contended that the Secretary's litigation position opposing her attempt to secure disability benefits was not "substantially justified" within the meaning of the Act. See 28 U.S.C.A. § 2412(d)(1)(A). The district court concluded that the Secretary's position on the merits had been "substantially justified," and denied the petition for fees.

Campbell's disability claim concerned itself with heart disease and diabetes that she claimed prevent her from gainful employment. Campbell's former jobs, including work as a cafeteria worker, involved standing a minimum of six hours per day. A finding that she was unable to return to her former work would have required her to be found disabled because of her age, education, and unskilled work history. At the relevant time, Campbell's primary physician was Dr. Lazaro, a general practitioner and obstetrics/gynecology specialist. He had treated Campbell's diabetes and heart conditions for five years. He diagnosed serious heart trouble, and opined that she was unable to work.

At the request of the Secretary, Campbell was also examined by Dr. Lee, a specialist in cardiology. Lee concluded that "unless her hospital records show significant organic heart disease or some other medical problem ... she is able to engage in decent gainful activity other than strenuous physical activity." Relying on Dr. Lee's conclusions, the administrative law judge and Appeals Council denied benefits.

The primary argument in the district court was whether the Secretary was obliged to give controlling weight to the testimony of Campbell's treating physician, Dr. Lazaro. In her motion for summary judgment filed in the district court, Campbell expressly relied upon a number of cases in this circuit that set forth the proposition that absent competent conflicting evidence, the opinion of a treating physician is entitled to great weight. *See, e.g., Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir.1983); *Vitek v. Finch*, 438 F.2d

1157, 1160 (4th Cir.1971). In his counter-memorandum opposing summary judgment in favor of Campbell and seeking summary judgment against her claims, the Secretary disputed Campbell's conclusion that Dr. Lazaro's opinion was entitled to controlling weight. The Secretary neglected, however, to distinguish or even address the relevant cases relied upon by Campbell. The district court, applying the treating physician rule articulated in *Vitek* and *Mitchell*, granted summary judgment in favor of Campbell.

Campbell subsequently filed a petition for fees pursuant to the Equal Access to Justice Act. Campbell argued that the government's reliance upon the opinion of Dr. Lee, in apparent disregard of the weight that this court has instructed should be given to the opinions of a treating physician, indicated that the Secretary's litigation position was not "substantially justified." *See* 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1986). Although the Secretary did not respond to the application for fees, the district court concluded, upon its examination of the record, that the litigation position of the Secretary was substantially justified, and declined to make a fee award.

Campbell then filed a motion, pursuant to Fed.R.Civ.P. 59(e), to alter or amend the judgment order denying attorneys fees. After the district court requested that the Secretary reply, the Secretary provided a response that defended his litigation position merely by defending his privilege to give greater weight to the opinion of a non-treating physician. The district court denied the motion to alter or amend the judgment, and this appeal followed.

## II

Campbell contends that the government's failure initially to respond to her petition for fees caused the Secretary to fall short of his burden to show substantial justifica-tion, and argues that, in any event, the Secretary's position was not substantially justified. We reject both arguments.

 Under the Equal Access to Justice Act, a private litigant who prevails against the government is entitled to attorneys fees unless the court considering a petition for fees determines that the government's litigation position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A). The legislative history of the Act makes clear that the burden of demonstrating substantial justification is upon the government. *See, e.g.,* H.R.Rep. No. 120, 99th Cong., 1st Sess. 8, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 136.

 Although the Secretary initially failed to respond to Campbell's petition for fees, and while his later response to the Rule 59(e) motion did not clearly articulate the reasonableness of the Secretary's position, we do not agree with Campbell that these failures compel the conclusion that the Secretary did not meet his burden of proof under the Act.* The statute requires that a denial of fees be based on the district court's finding that the government's position was substantially justified. While the burden of showing substantial justification is on the government, a district court may find, as it did in this case, that the record before it demonstrates that substantial justification exists for a litigation position. In such a case, a formal government response to the petition for fees, though desirable, is not a pre-condition of an order denying an award of fees under the Act.

 We conclude that upon the record in this case, the district court did not err in determining that the Secretary's litigation position was substantially justified. Camp-

---

* At oral argument counsel for Campbell made clear that Campbell did not urge this court to find that the Secretary's initial failure to respond constituted a default to the petition for fees. We note that even if such a theory could be applied, it would be inapposite here. The Secretary, in opposition to the motion to alter or amend the order denying fees, made a response that set forth the government's position in the district court. A finding of default would therefore be inappropriate.

bell urges us to liken this case to *Anderson v. Heckler*, 756 F.2d 1011 (4th Cir.1985), where we reversed a district court's refusal to award fees under the Equal Access to Justice Act. In *Anderson*, the Secretary had adopted a litigation position that directly ignored a prior decision of this court that rejected the Secretary's position on a matter of law. *See Dotson v. Schweiker*, 719 F.2d 80 (4th Cir.1983) (allocating to Secretary the burden of rebutting a presumption of continuing disability).

*Anderson* is readily distinguished from the instant case, where the challenged legal position of the Secretary concerns the relative weight that must be accorded to conflicting medical opinions. The Secretary considered a medical report of Dr. Lazaro, and the opinion of Dr. Lee, a consulting physician who had examined Campbell only once. Campbell relied upon this court's opinions in *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir.1983); *Oppenheim v. Finch*, 495 F.2d 396 (4th Cir.1974); and *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971), where we instructed that the opinion of a treating physician is entitled to great weight because it reflects a judgment based on continuing observation over a number of years. While the Secretary's position was not directly responsive to Campbell's argument from these cases, the Secretary's reliance upon Dr. Lee's report was not thereby rendered "without substantial justification." Dr. Lee's conclusions were based on the same objective evidence relied upon by Dr. Lazaro, and Dr. Lee is a specialist in the relevant field, cardiology, which Dr. Lazaro is not. Although our cases do

make clear that Dr. Lazaro's medical opinion was entitled to *great* weight, they do not hold that it was necessarily of *controlling* weight. Instead, they clearly contemplate the possibility that such opinions may be rejected in particular cases in deference to conflicting opinions of non-treating physicians. This case is therefore distinguishable on that basis from *Anderson*, where the Secretary ignored a specifically controlling legal rule. The district court therefore properly concluded here that the Secretary's position was substantially justified, and although the Secretary did not prevail on the merits, Campbell was not entitled to attorneys fees under the Equal Access to Justice Act.

AFFIRMED.

HARRISON L. WINTER, Chief Judge, dissenting:

I respectfully dissent. In my view, plaintiff should be awarded attorney's fees.

Not only do I think that *Anderson v. Heckler*, 756 F.2d 1011 (4 Cir.1985), is directly applicable and controlling,* the legislative history of the reenacted Equal Access to Justice Act, 28 U.S.C. § 2412, reinforces the conclusion that claimant should be awarded her fees. *Anderson* was decided under the original Act which expired on October 1984, but in reenacting it in its present form the House Report observed:

> Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an

---

* The majority seeks to distinguish *Anderson* on the ground that there the Secretary clearly litigated in contravention of a fixed legal principle established for this circuit, while here the Secretary ignored a rule that was more flexible. In my view, there is no significant distinction.

In *Anderson*, the precedent disregarded by the Secretary was *Dotson v. Schweiker*, 719 F.2d 80 (4 Cir.1983), which created a presumption that a disability, once established, is continuing, and placed on the Secretary the burden of proving that the disability has ceased. The precedents ignored by the Secretary in the case, *e.g.*, *Mitch-*

*ell v. Schweiker*, 699 F.2d 185, 187 (4 Cir.1983), similarly create a presumption that a treating physician's opinion of disability is to be given controlling weight absent persuasive contradictory evidence. Any distinction between the two established presumptions is merely one of degree. Moreover, as I show in the text, the flexibility inherent in the rule about the weight to be given to the opinion of a treating physician is directly dependent upon the existence of persuasive contradictory evidence, and in the instant case, there is no persuasive contradictory evidence.

action to be found to be substantially justified under the Act.

H.R.Rep. No. 120, 99th Cong., 1st Sess. at 9–10, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138.

There are in this case no "extraordinary special circumstances" to justify non-imposition of fees. Indeed, the majority does not even purport to identify a single one. Unquestionably, the Secretary in his original submission to the district court, as in *Anderson,* sought to ignore the established rule in this circuit that a treating physician's opinion as to disability "is entitled to great weight" and "may be disregarded only if there is persuasive contradictory evidence," *Mitchell v. Schweiker,* 699 F.2d 185, 187 (4 Cir.1983), even though plaintiff had cited and discussed *Mitchell* and its progenitors in her opening brief. When forced to confront this line of authority, the Secretary sought to misconstrue and distort one of the cases. He cited *Stawls v. Califano,* 596 F.2d 1209 (4 Cir.1979) for the proposition that the opinion of an examining physician who is a specialist is entitled to "special consideration" because he is a specialist. In actuality, the treating physicians in *Stawls* were specialists, but it was because they were treating physicians that their opinions were given great weight, rather than because they were specialists.

Furthermore, the record contains no persuasive evidence contradicting the opinion of the treating physician. Dr. Lee's opinion, on which the Secretary relied, was a conditional one, and he had examined the claimant only once. The residual functional capacity forms were completed by persons who had neither seen nor examined the claimant, and, moreover, they were contradicted by later evaluations by the treating physician who conducted an actual later examination. Any justification for adopting Dr. Lee's opinion over that of the treating physician is absent.

I would reverse the judgment of the district court and remand the case for the fixing of a proper fee.