**Isaac O. HARGRAVE, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 88–0184–R.**

United States District Court, E.D. Virginia, Richmond Division.

April 18, 1990.

Charles H. Cuthbert, Jr., Petersburg, Va., for plaintiff.

Debra J. Prillaman, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

SPENCER, District Judge.

This matter is before the Court on plaintiff's objections to the Magistrate's proposed memorandum opinion, which held (1) that plaintiff was not entitled to attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (1982 & Supp. V 1987), and (2) that plaintiff was entitled to attorney's fees and expenses under the Social Security Act, 42 U.S.C. § 406(b)(1) (1982). For reasons stated below, the Court will deny plaintiff's request for fees under EAJA. The Court will, however, award plaintiff $2,509.38 in attorney's fees plus $6.00 in expenses under § 406.

The plaintiff in this case is Isaac O. Hargrave. Plaintiff, by counsel, filed a complaint in this Court under 42 U.S.C. § 405(g) (1982), seeking judicial review of a final decision of the Secretary of the Department of Health and Human Services (the Secretary). In proceedings before the Secretary, plaintiff had claimed that he had systemic lupus erythematosus (SLE), that he was disabled under Listing 10.04, 20 C.F.R. Part 404, Subpart P, Appendix 1,

§ 10.04 (1989), and that he therefore qualified for benefits under the Social Security Act. The Secretary, while agreeing that plaintiff had SLE, found that plaintiff was not totally disabled, could perform sedentary work, and did not meet the requirements of Listing 10.04.

This Court referred plaintiff's complaint to the United States Magistrate, who issued a proposed memorandum upholding the Secretary's decision to deny benefits. Plaintiff filed objections to the proposed memorandum opinion. This Court sustained plaintiff's objections, vacated the Secretary's decision, and remanded the matter to the Secretary for further proceedings. After the remand, the Secretary determined that plaintiff was entitled to disability benefits. Plaintiff and the Secretary thereafter filed a stipulation of dismissal.

Plaintiff then filed two applications for the award of attorney's fees and expenses. In his first application plaintiff sought fees and expenses under EAJA. He claimed to be entitled to $2,550.44 in fees and expenses under that statute. In his second application plaintiff sought fees and expenses under § 406. He requested the maximum amount allowable under that provision, 25% of the past-due benefits received pursuant to the litigation, or $3,182.82.

As noted above, the Magistrate, in a second proposed memorandum opinion, denied plaintiff's application for attorney's fees under EAJA. The Magistrate did allow plaintiff $2,806.00 in fees and expenses under § 406. Plaintiff now objects that the Magistrate should have awarded him fees under EAJA or, in the alternative, should have awarded him a larger fee under § 406. Plaintiff's objections will be addressed in turn.

*Entitlement to EAJA Award*

■ Plaintiff's objections to the denial of EAJA fees and expenses will be overruled. Under EAJA, a prevailing civil litigant such as plaintiff is entitled to attorney's fees and expenses if "the position of the United States" in the matter was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A)

(1982 & Supp. V 1987); *Pullen v. Bowen,* 820 F.2d 105, 107 (4th Cir.1987), *abrogation on other grounds recognized, Lively v. Bowen,* 858 F.2d 177, 180 n. 1 (4th Cir. 1988) (noting that *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), relaxed standard of review of district courts' EAJA fee decisions from *de novo* to abuse of discretion). The "substantially justified" standard does not require that the Government's position be " 'justified to a high degree,' but rather [that it be] 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce,* 108 S.Ct. at 2550. In other words, the Government's position is substantially justified as long as it is reasonable in fact and law. *Id.; accord Pullen,* 820 F.2d at 108 ("we adhere to the *Tyler [Business Services v. NLRB,* 695 F.2d 73] (4th Cir. 1982) and *Guthrie [v. Schweiker,* 718 F.2d 104] (4th Cir.1983) standard of 'reasonable in fact and law' ").

■ In arguing that the Secretary's decision in this case lacked substantial justification, plaintiff complains primarily that the Secretary failed to give sufficient weight to the medical opinion of his treating physician, Dr. Dunn. Dr. Dunn had opined that plaintiff met the requirements for total disability under Listing 10.04. Relying in part on the medical opinions of two non-treating physicians, Drs. Griswold and Harris, the Secretary determined that plaintiff did not meet Listing 10.04's requirements. In essence, plaintiff argues that the Secretary was not substantially justified in determining that the opinions of the non-treating physicians, along with other evidence, outweighed the opinion of the treating physician.

The Fourth Circuit rejected plaintiff's very argument, however, in a recent case which this Court finds controlling. In *Campbell v. Bowen,* 800 F.2d 1247 (4th Cir.1986), a social security claimant appealed a district court's order denying her petition for attorney's fees under EAJA. The claimant argued that the Secretary's decision denying benefits was not substantially justified because the Secretary, in reaching

that decision, had relied upon the medical opinion of a non-treating physician while ignoring the claimant's arguments that the opinion of her treating physician was entitled to great weight. *Id.* at 1249.

The Fourth Circuit recognized that the treating physician's opinion was entitled to great weight. *Id.* at 1250. It also noted that the district court had reversed the Secretary's denial of benefits precisely because the Secretary had given insufficient weight to the treating physician's opinion. *Id.* at 1249. The Fourth Circuit nonetheless affirmed the district court's ruling that the Secretary's decision was "substantially justified." *Id.*

The Fourth Circuit reasoned that the case before it was distinguishable from a case such as *Anderson v. Heckler*, 756 F.2d 1011 (4th Cir.1985), where it had reversed a district court's refusal to award EAJA fees. *Campbell*, 800 F.2d at 1249–50. It noted that "[i]n *Anderson*, the Secretary had adopted a litigation position that directly ignored a prior decision of this court that rejected the Secretary's position on a matter of law." *Id.* at 1250. In the case before it, on the other hand, "the challenged legal position of the Secretary concern[ed] the relative weight that must be accorded to conflicting medical opinions." *Id.* The Fourth Circuit thus concluded that the claimant's petition for EAJA fees was properly denied, even though the Secretary should have given greater weight to the treating physician's opinion:

> Although our cases do make clear that [the treating physician's] medical opinion was entitled to *great* weight, they do not hold that it was necessarily of *controlling* weight. Instead, they clearly contemplate the possibility that such opinions may be rejected in particular cases in deference to conflicting opinions of non-treating physicians. This case is therefore distinguishable on that basis from *Anderson* [*v. Heckler*, 756 F.2d 1011], (4th Cir.1985) where the Secretary ignored a specifically controlling legal rule. The district court therefore properly concluded here that the Secretary's position was substantially justified, and

although the Secretary did not prevail on the merits, [claimant] was not entitled to attorneys fees under the Equal Access to Justice Act.

*Id.* (emphasis in original).

In the present case, this Court has determined that the Secretary gave insufficient weight to the opinion of plaintiff's treating physician, Dr. Dunn. Under *Campbell*, however, the Secretary's improper weighing of conflicting medical opinions did not render his decision less than "substantially justified." Although the Secretary's decision was erroneous, it was nonetheless "reasonable in fact and law." *Pullen*, 820 F.2d at 108.

■ Plaintiff also argues that he is entitled to EAJA fees because the Secretary did not *"even mention* the correct test for weighing the opinion of the treating physician." Objections of the Plaintiff to the Proposed Memorandum Opinion Filed November 28, 1989 at 2 (emphasis in original). The Court rejects this argument. The Fourth Circuit has never held that the Secretary's decisions are less than substantially justified merely because the Secretary did not state the treating physician rule or some other applicable rule. This Court will not place such a duty upon the Secretary.

*Calculation of Award under 42 U.S.C. § 406(b)*

■ The Court finds that plaintiff is entitled to fees and expenses under § 406. The Court will award plaintiff $2,509.38 in fees and $6.00 in expenses.

In determining a reasonable fee under § 406, the Court first derives a lodestar figure by multiplying the number of hours that plaintiff's counsel reasonably spent on the matter at the court level by a reasonable hourly rate for counsel's services. *See Craig v. Secretary*, 864 F.2d 324, 327 (4th Cir.1989). The Court finds that plaintiff's counsel reasonably spent 18.25 hours at the court level in this matter. Plaintiff submitted an itemization showing 18.25 hours expended by counsel, *see* Application, Exhibit 2, and the Secretary has not disputed this averment.

The Court further finds that $110 per hour is a reasonable rate at which to compensate plaintiff for his counsel's services in this matter. To determine a reasonable rate for the purposes of § 406, the Court looks to the prevailing market rate in the relevant community for services similar to those of plaintiff's counsel. *See Craig*, 864 F.2d at 328. Possible means of determining the prevailing market rate for a particular lawyer's services in a particular case include (1) affidavit evidence of the fees that other counsel with similar qualifications received in comparable cases, (2) recent fee awards in comparable cases, and (3) counsel's actual billing practices. *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987), *cert. denied*, 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988).

In this case the Magistrate found the prevailing market rate in this area for services similar to those of plaintiff's counsel to be $100 per hour. The Magistrate noted that the affidavits of two area lawyers who specialize in social security disability cases established that they generally charged rates of $100 to $110 per hour. The Magistrate also determined that lawyers with experience and qualifications similar to those of plaintiff's counsel generally charged from $75 to $110 per hour in their fee applications. The Court adopts the Magistrate's findings as to prevailing market rates. The Court finds that $110 per hour is a reasonable rate at which to compensate plaintiff's counsel for his work in this case. The appropriate lodestar figure for this case is thus $2,007.50 (18.25 hours × $110 per hour).

The Court will enhance the lodestar figure by 25% in order to reflect the contingent nature of the representation in this case. *See Craig*, 864 F.2d at 327. The 25% multiplier increases the lodestar figure to $2,509.38 ($2,007.50 + 25%). The Court chooses not to exercise its discretion to enhance the lodestar fee to reflect delay in the receipt of the fee award. *See id.* at 328 ("The court *may* also consider delay in receipt of the fee as an additional reason for enhancement.") (emphasis added). Further, the Court finds no other factors present in this case which would warrant additional enhancement of the lodestar figure. Finally, the Court will award plaintiff $6.00 for reasonable expenses incurred in this matter.

Plaintiff's total award under § 406 is therefore $2,515.38 ($2,509.38 + $6.00).

ORDER

Plaintiff's application for an award of fees and expenses under EAJA, 28 U.S.C. § 2412(d)(1)(A) (1982 & Supp. V 1987), is hereby DENIED.

Plaintiff's application for an award of fees and expenses under the Social Security Act, 42 U.S.C. § 406(b)(1) (1982), is hereby GRANTED. Plaintiff is hereby AWARDED $2,509.38 in fees, plus $6.00 in expenses, for a total award of $2,515.38.

And it is SO ORDERED.