**Portia EVANS, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.**

·No. 89–1814.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1990.

Decided March 13, 1991.

Michael Gerhart Allen, Legal Services of Northern Virginia, Inc., Manassas, Va., for plaintiff-appellant.

Stephen Mitchell Walker, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa., argued (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Div., Lawrence J. Harder, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Henry E. Hudson, U.S. Atty., Paula P. Newett, Asst. U.S. Atty., Alexandria, Va., on brief), for defendant-appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.

MURNAGHAN, Circuit Judge:

Portia Evans filed applications for Social Security Disability and Supplemental Security Income disability benefits on December 18, 1985. By notice dated March 10, 1986, the Department of Health and Human Services, Social Security Administration (SSA), denied both applications. Appellant filed a timely Request for Reconsideration on March 20, 1986. Upon reconsideration, the Secretary again denied Evans' claims by notice dated May 12, 1986.

Evans then filed a timely request for a hearing before an Administrative Law Judge (ALJ). The hearing before ALJ Stanford Serber was held on April 22, 1987;

---

the ALJ held that Evans was not entitled to benefits of any kind.

Evans made a timely request for review of the ALJ's decision. The Appeals Council of the SSA upheld the ALJ's decision and denied review. The action by the Appeals Council made the ALJ's decision the final order of the Secretary.

Evans then commenced a civil action in the United States District Court for the Eastern District of Virginia seeking reversal of the Secretary's final administrative order. The parties submitted cross-motions for summary judgment, and briefs in support thereof. The matter was referred to a Magistrate Judge for report and recommendation.

The Magistrate Judge's report found that the Secretary's position was without substantial evidence, had ignored Fourth Circuit precedent, and had paid only "lip service" to a key disability determinant. On July 25, 1988 the district court affirmed the Magistrate Judge's Report and Recommendation, and remanded the case to the Secretary with instructions. On remand, the Secretary reversed himself and ordered benefits.

Evans then filed her application for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The district court denied Evans' application, and the instant appeal followed.

This is not the first time we have been called upon to decide whether the denial of EAJA fees by a district court was appropriate. In *Anderson v. Heckler*, 756 F.2d 1011 (4th Cir.1985), we faced somewhat similar issues and concluded that it was an abuse of discretion for the district judge not to have granted fees under the Equal Access to Justice Act.

> By the terms of the Act a prevailing party is entitled to an award of fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

*Id.* at 1013.

But that decision should not be read to equate a) lack of substantial evidence,

which may only become apparent or established in the final stages of the Secretary's addressing and evaluating the matter, with b) lack of substantial justification which deals with the substantiality or lack thereof throughout the life of the process as it develops. It would be a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified. The lack of substantial evidence may only have become fixed and determined at the time of the final judicial decision establishing it, substantial evidence arguably having provided a reasonable defense until that time. *Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir.1983).

So we are confronted with narrowing the gap between two extremes. *Hicks v. Heckler*, 756 F.2d 1022, 1025 (4th Cir.1985), awarded attorney's fees pursuant to the EAJA because there had been "literally no evidence" in place of substantial evidence to support denial on the merits. On the other hand, in *Pullen v. Bowen*, 820 F.2d 105 (4th Cir.1987), it has been held that lack of substantial evidence did not, in every case, of itself, equate to lack of substantial justification, although "[w]hen reversed under the substantial evidence standard, however, the government bears the burden of showing that the denial of benefits was, indeed, substantially justified." *See Pullen v. Bowen*, 820 F.2d 105, 108 (4th Cir.1987); *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir.1986) ("The legislative history of the Act makes clear that the burden of demonstrating substantial justification is upon the government.").

When the Equal Access to Justice Act was before the Congress, two different versions of the relevant standard were debated.

> The original bill ... provided for a mandatory award of fees. However, when the subcommittee held a hearing on the bill, the Department of Justice expressed concern over the bill's potential cost and its potential chilling effect on legitimate enforcement efforts. The department drafted an alternative proposal which would allow fees where the Government

action was "arbitrary, frivolous, unreasonable or groundless."

125 Cong.Rec. S10914 (daily ed. July 31, 1979). As originally introduced, the Equal Access to Justice Act would have mandated the automatic award of fees whenever the government lost a case, whereas the Justice Department's proposal would have allowed fees only in Rule 11 type situations. The Congress rejected both the Justice Department's proposed standard and the standard that would have required the automatic award of fees:

> The bill ... represents a middle ground between the mandatory award and the department's standard.

*Id.* Although by no means automatic, the "substantially justified" standard thus requires that the government must do more than merely avoid frivolity for it to escape liability for fees under the Act.

In the Supreme Court case of *Pierce v. Underwood*, 487 U.S. 552, 565–66, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988), the Court held that, although the substantially justified standard is not "a high standard" requiring "a strong showing," meeting the standard does require at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 565, 108 S.Ct. at 2550 (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

> To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.

*Underwood*, 487 U.S. at 566, 108 S.Ct. at 2550.

The Supreme Court, per Justice Scalia, held that the courts do have some other standards to look to in determining substantial justification.

> We are not ... dealing with a field of law that provides no guidance in this matter. Judicial review of agency action, the field at issue here, regularly proceeds under the rubric of "substantial evidence" set forth in the Administrative Procedure Act.

*Id.* at 564, 108 S.Ct. at 2549.*

In *Underwood*, Justice Scalia defined the substantial justification standard by quoting the very language with which Justice Frankfurter in *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1950), defined the substantial evidence standard that courts must use in reviewing agency findings: substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 477, 71 S.Ct. at 459 (also quoting the *Consolidated Edison* case). It appears that Congress intended agency conclusions to be overturned only if those conclusions are unreasonable. The existence of judicial review of agency findings does not mean that "a court may displace [an agency's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo.*" *Universal Camera*, 340 U.S. at 488, 71 S.Ct. at 465.

With the enlightenment to be gathered from the foregoing authorities, it becomes incumbent on us to identify where upon the spectrum the claim by Evans for an EAJA award lies. The Magistrate Judge (affirmed by the district court) found that in *Evans'* case,

> [t]he ALJ only paid lip service to performing [the combination of impairments] evaluation [required by regulation]. A careful review of his report

---

\* The Report for the Act of the House of Representatives concludes that fee shifting

> helps assure that administrative decisions reflect informed deliberation. In so doing, fee-shifting becomes an instrument for curbing excessive regulation and the unreasonable exercise of Governmental authority.

H.R. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. and Admin.News, 4953, 4991.

In *Underwood*, Justice Scalia thought that we should "expect that where the Government's case is ... feeble ... there will often be ... a settlement below, or a failure to appeal from the adverse judgment." 487 U.S. at 560, 108 S.Ct. at 2547.

**112**

discloses that he considered each of plaintiff's impairments separately but failed to analyze the overall effect of her numerous impairments, as well as the effect of the medications prescribed for these impairments. He also failed to consider uncontradicted evidence of plaintiff's pain. In doing so, without sound reason, he disregarded the only medical evidence in the file which addressed the combined effect. That is the February 17, 1986, letter of the plaintiff's treating physician, Dr. W. James Werner....

*See* 20 C.F.R. § 404.1523.

In addition to ignoring evidence from Evans' treating physician, the Secretary failed to apply *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.1986), in which we have held that the opinion of a claimant's treating physician is entitled to "great weight [and] may be disregarded only if there is persuasive contradictory evidence." The Magistrate Judge (again, his Report and Recommendation were affirmed) further held that,

> [t]here is no persuasive contradictory evidence in the file. All of the other medical evidence is consistent with the specific medical findings of Dr. Werner, and no medical evidence contradicts his conclusion concerning the combined effect of plaintiff's impairments.

■ The Magistrate Judge's report spells out the various ways in which the ALJ had failed properly to adjudicate the case: he failed to evaluate Evans' frequent infections and their relationship to her diabetic condition; the ALJ did not discuss at all the findings of Dr. Alisuag that supported the findings of Evans' treating physician; he failed to consider the effects of abnormally high blood pressure which, although not alone sufficient to render Evans *per se* disabled, did contribute to her overall condition; he selectively discounted the supporting findings of Dr. DeSai; he rejected without contrary evidence the report of Dr. Shurberg that would have been sufficient to find her *per se* disabled; he misread Dr. DeSai's range of motion studies, finding that they were normal, instead of

significantly impaired as the doctor had concluded; and he failed to discuss at all Evans' claim of pain associated with movement.

By applying applicable law to such a record, we are led to the conclusion that substantial justification was lacking from the outset for legal reliance on the administrative decision. The case should be reversed and remanded with instructions to grant an appropriate award under the Equal Access to Justice Act.

REVERSED AND REMANDED, WITH INSTRUCTIONS