932 F.2d 964
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley E. SHEPPERSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1763.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1990.
Decided May 6, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-87-494-R)
 Charles H. Cuthbert, Jr., Cuthbert Law OFFICES, P.C., Petersburg, Va., for appellant.
 Robert Drum, Department of Health and Human Services, Philadelphia, Pa., for appellee; Eileen Bradley, Chief Counsel, Charlotte Hardnett, Chief, Social Security Litigation Division, Moira B. Rosenberger, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Henry E. Hudson, United States Attorney, Robert W. Jaspen, Assistant United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and HOUCK, United States District Judge for the District of South Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Shirley E. Shepperson appeals the decision of the district court denying her application for an award of attorney's fees under the Equal Access to Justice Act (EAJA or Act). Because we agree the Secretary of Health and Human Services (Secretary) was substantially justified in denying her claim for Supplemental Security Income and widow's insurance benefits, we affirm.
 
 I.
 
 2
 Shepperson filed applications for Supplemental Security Income and widow's insurance benefits under Titles II and XVI of the Social Security Act on October 15, 1985, and January 17, 1986, respectively, alleging disability due to a nervous condition and a back problem. The administrative law judge (ALJ) found that the medical evidence of record established that Shepperson suffered from low back pain, migraine headaches, and a depressive affective disorder, but that she was not under a disability as defined by the Social Security Act. The Appeals Council of the Social Security Administration rejected Shepperson's request for review, and the ALJ's decision became the final decision of the Secretary.
 
 
 3
 Shepperson then sought review of the final decision of the Secretary in the United States District Court for the Eastern District of Virginia. Both parties submitted motions for summary judgment. The magistrate judge, to whom the case was referred, found that the ALJ had made a thorough and reasoned analysis of the medical evidence presented and recommended that the Secretary's motion for summary judgment be granted.
 
 
 4
 After reviewing the record and considering Shepperson's objections to the magistrate judge's recommendation, the district court found that the treating physicians' opinions had been wrongfully disregarded. Based on this finding, the district court remanded the case to the Secretary for further consideration. On remand, the Secretary found Shepperson disabled for purposes of widow's insurance benefits and Supplemental Security Income. Shepperson then filed an application for attorney's fees under the EAJA.
 
 
 5
 The magistrate judge recommended that the application be denied since the Secretary was substantially justified in opposing the original requests for benefits. The district court adopted the magistrate judge's proposed opinion noting that a remand for further consideration does not mean the Secretary lacked an arguably defensible administrative record to rely on. This appeal followed.
 
 II.
 
 6
 The EAJA was enacted in response to Congress's concern that "persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expenses involved in securing the vindication of their rights.' " Sullivan v. Hudson, 490 U.S. 877, 883 (1989) (quoting 94 Stat. 2325). A party which prevails in a suit against the United States may be entitled to an award of attorney's fees pursuant to the EAJA.
 
 The Act provides that:
 
 7
 a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 8
 28 U.S.C. Sec. 2412(d)(1)(A).
 
 
 9
 The definition of substantially justified was clarified by the Supreme Court in Pierce v. Underwood, 487 U.S. 552 (1988). The Court stated as follows:
 
 
 10
 We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"--that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue....
 
 
 11
 Id. at 565. Under this standard, the government can be wrong and its position substantially justified if a reasonable person could think it correct, in that it has a reasonable basis in law and fact. Id. n. 2. The Secretary carries the burden of demonstrating that its position was substantially justified. See Lively v. Bowen, 858 F.2d 177, 180 (4th Cir.1988).
 
 III.
 
 12
 In reviewing an EAJA fee decision by the district court, we apply an abuse of discretion standard. Id. at 180 (applying Pierce v. Underwood, 487 U.S. 552, 559 (1988)). Shepperson argues that because the Secretary failed to indicate in the administrative record the weight given the opinion of the treating psychiatrist, Dr. Liu, the Secretary's position was not substantially justified as a matter of law. Therefore, Shepperson asserts that a de novo standard of review should be applied on this issue. There is no merit in this assertion. The opinion of a treating physician is entitled to "great weight," Campbell v. Bowen, 800 F.2d 1247, 1250 (4th Cir.1986); however, there is no requirement that the Secretary state this rule in every hearing decision.
 
 
 13
 Shepperson also argues that there is no evidence in the record that persuasively contradicts the opinion of Dr. Liu and, therefore, she contends that the district court abused its discretion in finding that the decision of the Secretary was substantially justified. The Secretary claims that the ALJ relied on an arguably defensible administrative record and wrote a well-reasoned decision that carefully articulated his reasons for rejecting the treating physician's assessment.
 
 
 14
 After hearing oral arguments and reviewing the record, we find that the district court did not abuse its discretion in denying Shepperson's request for attorney's fees. The record indicates that the ALJ made a thorough evaluation of the medical evidence including that of the treating physicians. He considered the opinions of Dr. Liu but found that they were contradicted by the objective medical evidence in conjunction with the plaintiff's own testimony. Although the opinion of a treating physician is entitled to "great weight," it is not necessarily entitled to "controlling weight." Id.
 
 
 15
 Dr. Liu's treatment notes show that Shepperson had a preoccupation with her physical condition. In October of 1985, he indicated that she had a history of anxiety and depression, but that she responded well to medication. He also noted that her judgment and memory were not impaired. He stated that her ability to perform calculations and abstract reasoning was average, her attention span and concentration fair, and her fund of knowledge good.
 
 
 16
 In February of 1986, he reported that Shepperson had problems sleeping, but exhibited no evidence of appetite disturbance or decreased energy level. He noted that she did exhibit some feelings of resentment and guilt towards her elderly mother for whom she was caring. He also indicated that Shepperson's concentration was fair in that if asked to perform a task she would at first say she could not do it but with encouragement was able to successfully complete the task. In May 1986, he reported that her condition was unchanged.
 
 
 17
 One month later, in June 1986, in response to a questionnaire provided by Shepperson's attorney, Dr. Liu said that Shepperson suffered from a pervasive loss of interest in almost all activities, an appetite disturbance with a change in weight, a sleep disturbance, psychomotor agitation or retardation, decreased energy, feelings of guilt or worthlessness, and difficulty concentrating and thinking. Dr. Liu further opined that she had marked restriction of activities of daily living and marked difficulties in maintaining social functioning.
 
 
 18
 The ALJ noted that this assessment conflicted with the statements made by Dr. Liu in his treatment notes and during telephone contacts. Dr. Liu's February 1986 and May 1986 records indicated that Shepperson showed no evidence of appetite disturbance or decreased energy levels and that her concentration was fair. The ALJ also noted that during telephone contacts Dr. Liu advised that Shepperson had no appetite disturbance or psychomotor retardation and reported that her concentration was fair.
 
 
 19
 After evaluating all of the evidence, the ALJ found that Shepperson had moderate restriction of daily activities, even though Dr. Liu concluded that she had marked restriction of the same. In support of this, the ALJ noted that Shepperson had stated in a telephone interview on January 8, 1986, that she was able to cook for herself, tend to her personal needs, and perform light housework. He also found that Shepperson had moderate difficulties in maintaining social functioning. While it was Dr. Liu's opinion that she had marked difficulties in maintaining social functioning, the ALJ found that this was not supported by the doctor's medical records.
 
 
 20
 The ALJ found the conflicts between the opinions of Dr. Liu and the objective medical evidence in conjunction with the plaintiff's own statements to be quite significant. Although the district court found the conflicts to be less substantial than the Secretary and remanded the case for further consideration, this does not mean that the government's position was not substantially justified. Social Security cases often present difficult issues on which reasonable minds could differ. In this case, the Secretary's initial determination, although ultimately incorrect, was substantially justified in light of the conflicting evidence presented.
 
 
 21
 Based on the foregoing reasoning and cited authorities, we conclude that the district court did not abuse its discretion in denying Shepperson's application for attorney's fees under the EAJA.
 
 
 22
 AFFIRMED.