UNITED STATES COURT OF APPEALS

**Filed 4/1/96**

TENTH CIRCUIT

DOROTHY M. JENKINS, )
 )
    Plaintiff-Appellant, )
 )
 )      No.  95-5153
v. )   (D.C. No. 93-C-217-J)
 )      (N.D. Okla.)
SHIRLEY CHATER, Commissioner of )
 the Social Security Administration, )
 )
    Defendant-Appellee. )

ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  Fed. R. App. P. 34(a); 10th Cir. R. 341.1.9.  The case is therefore ordered

submitted without oral argument.

Following the remand of her action for Social Security benefits, Appellant Dorothy

Jenkins sought attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C.

§ 2412 (EAJA).  Ms. Jenkins' application for fees was denied, and she appealed.  We

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

reverse.

Ms. Jenkins applied for disability insurance benefits for the period following February 6, 1990. When she was denied benefits by an Administrative Law Judge (ALJ), she sought relief in the federal court, consenting to trial before a magistrate judge. She raised several issues, including the ALJ's alleged violation of the "treating physician" rule. "Unless good cause is shown to the contrary, the Secretary must give substantial weight to the testimony of the claimant's treating physician. If the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth." Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984)(citation omitted).

The magistrate judge found that the ALJ did not meet Byron's dictates:

> In this case, Dr. Rodney L. Huey began treating Ms. Jenkins in May of 1986, and there is no dispute that he was one of her "treating physicians." On March 18, 1991, Dr. Huey wrote the following letter:
>
> Mrs. Jenkins has been under my care intermittently since May of 1986. . . . At this time she is stable as an outpatient; however, her underlying inflammatory condition is severe and has been associated with potentially life-threatening skin rashes. She continues to complain of fatigue, diffuse weakness, joint pain, fever, chills and skin rashes. As a result, I do not feel that Mrs. Jenkins is able to work at any capacity at this time. Record at 622.
>
> In the ALJ's extensive review of the medical evidence, the March 18, 1991 letter was not specifically addressed. This is puzzling, because the ALJ appears to rely heavily on Dr. Huey's report and residual functional capacity assessment. See, Record at 22. The March 18 letter clearly states that Ms. Jenkins cannot work "at this time." As a result, the ALJ should have given substantial weight to such a finding or, in the alternative, spelled out specific and legitimate reasons as to why he discounted or ignored Dr. Huey's conclusion. Since he did not, the court finds the "treating physician" rule was not properly followed.

(App. at 34-35.) Accordingly, the court remanded for further administrative proceedings.

Ms. Jenkins then sought fees under the EAJA, which provides that attorney's fees shall be awarded "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Kemp v. Bowen, 822 F.2d 966, 967 (10th Cir. 1987). The Supreme Court has ruled that the United States' position is "substantially justified" if it has a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565-66 (1988)(citing United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1486-87 (10th Cir.), cert. denied, 469 U.S. 825 (1984)).

In denying Ms. Jenkins fees, the court noted that "it was unclear as to how the ALJ handled a letter from Plaintiff's treating physician" but concluded that "the decision to remand was a close call and, in effect, could have been decided either way." App. at 94. The government also points out that the court noted, "[h]ad the ALJ clearly stated his reasons for discounting Dr. Huey's March 18 letter substantial evidence could still arguably support his resulting decision." (App. at 35.)

This reasoning is inapposite. The government position that must have had a reasonable basis in law and fact is the ALJ's application of the treating physician rule, not the ALJ's determination that Ms. Jenkins was not disabled. See Shalala v. Schaefer, 113 S. Ct. 2625, 2631-32 (1993)(Claimant who obtains a remand order is a prevailing party for purposes of EAJA); Goatcher v. Chater, 57 F.3d 980, 981 (10th Cir. 1995)("In a suit challenging the denial of social security disability benefits, it is a judgment reversing and

remanding a case to the Secretary for additional proceedings under sentence four of 42 U.S.C. § 405(g) that makes a plaintiff a prevailing party for purposes of the EAJA."); Flores v. Shalala, 49 F.3d 562, 566, 572 (9th Cir. 1995) (In determining whether the Secretary was substantially justified, court should focus on government's position on issue that led to remand rather than on ultimate issue of disability); Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988)("[T]he government's failure to demonstrate a reasonable basis for its legal theory concerning the evaluation of subjective pain is dispositive."). The government's reliance on Campbell v. Bowen, 800 F.2d 1247 (4th Cir. 1986), is misplaced. That decision "concern[ed] the relative weight that must be accorded to conflicting medical opinions" and explicitly distinguished precedent in which "the Secretary ignored a specifically controlling legal rule." Id. at 1250.

In her brief below, Ms. Jenkins noted that two treating physicians, Dr. Huey and Dr. Petray, had opined she was disabled. In response, the government argued that the ALJ had supplied specific reasons for discounting Dr. Petray's opinion. The government did not specifically defend the ALJ's treatment of Dr. Huey's opinion. Instead, it contended generally that an "ALJ may discount any physician's opinion when it is inconsistent with their own treatment notes, unsupported by objective medical findings, brief, or conclusory." Rec., vol. I, doc. 13 at 4-5 (citing Eggleston v. Bowen, 851 F.2d 1244, 1246-47 (10th Cir. 1988); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)). This argument was unresponsive. An ALJ may certainly discount a physician's opinion; however, the treating physician rule mandates that the ALJ do so by setting forth specific,

legitimate reasons. The government never argued that the ALJ met or did not have to meet this standard, and thus its position was not reasonably justified.

On appeal, the government attempts to demonstrate how the ALJ might have examined Dr. Huey's records and determined, despite his March 18 letter, that the weight of the evidence did not support a finding of disability. Were we to engage in such an inquiry, we would subvert the treating physician rule. "There are specific rules of law that must be followed in weighing particular types of evidence in disability cases. Failure to follow these rules constitutes reversible error." Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988)(citation omitted). We decline to reweigh the facts considered by the ALJ.

The judgment of the magistrate judge is REVERSED, and the case is REMANDED for a determination of the appropriate fee. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge