935 F.2d 1285
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Essie D. COOK, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2353.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CA-84-384-A)
 Deborah Kay Garton, Hensley, Muth, Garton and Hayes, Bluefield, W.Va., for appellant.
 Margaret J. Krecke, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., for appellee; James C. Newman, Acting Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Lawrence J. Harder, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa. John P. Alderman, United States Attorney, E. Montgomery Tucker, Assistant United States Attorney, Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PHILLIPS, Circuit Judge:
 
 
 1
 Essie Cook appeals from the district court's denial of her application for attorney fees under 28 U.S.C. Sec. 2142, the Equal Access to Justice Act (EAJA), following the award to her of social security widow's disability benefits by the Secretary of the Department of Health and Human Services. In denying the fee application, the district court relied principally upon the fact that because it had earlier upheld the Secretary's original denial of benefits, the government's administrative and litigation position in making and defending that original denial must be presumed to be substantially justified. We affirm, but not on the basis of the district court's presumptively justified rule.
 
 
 2
 * Essie Cook applied to the Social Security Administration for widow's disability benefits and wage earner's disability based on her arthritic condition and mental illness. The Secretary granted her wage earner's disability claim but denied her application for widow's benefits. She sought review in the district court, which upheld the Secretary's decision. She then took an appeal to this court. In Cook v. Heckler, 783 F.2d 1168 (4th Cir.1986), we reversed the district court's judgment and remanded for reconsideration by the Secretary because the ALJ had not adequately justified his decision denying benefits and had not considered the effect of multiple impairments.
 
 
 3
 Upon remand, the Secretary ultimately awarded Cook benefits on the basis that her mental condition met listing 12.04, concerning affective mental disorders.[1] Cook then moved for attorney's fees under the Equal Access to Justice Act (EAJA). The district court, which earlier had upheld the Secretary's initial decision denying benefits, rejected her EAJA application for fees. This appeal followed.
 
 II
 The EAJA provides:
 
 4
 [A] court shall award to a prevailing party other than the United States [attorney's] fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 5
 For the purpose of this appeal, the critical term is "substantially justified," since there is no suggestion of special circumstances and Cook is plainly a prevailing party.[2] In Pierce v. Underwood, 487 U.S. 552 (1984), the Supreme Court elaborated on the meaning of "substantially justified," holding that "substantially justified" means "justified to a degree that could satisfy a reasonable person." 487 U.S. at 565. The Court then noted, see id., that this was in practical effect no different from the "reasonable basis both in law and fact" formulation which this court, with others, had adopted. See, e.g., Anderson v. Heckler, 756 F.2d 1011, 1013 (4th Cir.1985).
 
 
 6
 Applying that standard, the district court concluded that the government's "position" (both in its original administrative denial of benefits and in its legal defense of that denial) was substantially justified. In so ruling, the court relied essentially (perhaps totally) on the circumstance that it had earlier upheld, as supported by substantial evidence, the Secretary's original denial of benefits. The court's reasoning ran this way:
 
 
 7
 [b]y affirming the Secretary's decision, a district court has already made an initial determination that the position of the government in the case was substantially justified.... [Absent unusual circumstances] the district court's initial determination that the position of the government was substantially justified should stand.
 
 
 8
 The primary reason for this conclusion is that a decision by a district court is an impartial ruling by an Article III judge.... That ruling, therefore, is entitled to be regarded as "reasonable in both fact and law" unless the appellate court clearly indicates that it is not. If the court's ruling is entitled to be regarded as "reasonable in both fact and law," then the government's position, which was accepted by the ruling, also is entitled to be regarded as "reasonable in both fact and law."
 
 
 9
 J.A. at 7-8 (footnote omitted).
 
 
 10
 There is a certain surface logic about this, and it must certainly be true that earlier judicial rulings on the merits of the government's "position" properly may be taken into account in assessing whether that position was "substantially justified" for EAJA fee award purposes. But the district court's analysis carries things a little too far. The "reasonable basis both in law and fact" test cannot be turned into an up-or-down judgment on the reasoning powers of particular Article III judges. The question whether an administrative denial of benefits was "supported by substantial evidence on the record as a whole" (the merits question) is not perfectly congruent with the question whether that denial (or its defense in court) was "substantially justified" (the fee award question). The two standards have different pedigrees and purposes and, while obviously related, they do not logically compel the same answers or even raise legal presumptions in that direction. That a perfectly reasonable and effectively reasoning district judge may at one point have thought an administrative decision (and the government's litigation position supporting it) legally supportable does not mean that it could not properly nevertheless be found in the end not "substantially justified"--by that same judge or another court. There are other reasons than judicial unreason to explain any seeming illogic in the two decisions.
 
 
 11
 Therefore, as we and other courts have recognized, whatever has gone on before in adjudging the merits of an administrative claim, the substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. See, e.g., Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir.1991) ("a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified"); Broad Avenue Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-92 (Fed.Cir.1982) ("Making the outcome of the case determinative would virtually eliminate the 'substantially justified' standard from the statute."). Constrained only by the rule that the burden is on the government to demonstrate substantial justification for any original denial of relief, such an independent exercise of judgment can and frequently has led to final fee award decisions at odds with intermediate or final decisions on the merits of a claim. See, e.g., Lively v. Bowen, 858 F.2d 177 (4th Cir.1988) (administrative denial of claim affirmed by district court, reversed by court of appeals; EAJA fees denied by district court, awarded by court of appeals); Sierra Club v. Secretary of the Army, 820 F.2d 513 (1st Cir.1987) (administrative denial of claim affirmed by district court, reversed by court of appeals; EAJA fees awarded by district court, affirmed by court of appeals).
 
 III
 
 12
 An independent exercise of judgment here reveals that the government's original position, though later reversed, was nevertheless substantially justified under the appropriate test. The district court therefore reached the right result, though not because it had earlier upheld that original position on the merits.
 
 
 13
 When we reversed the district court's judgment which had upheld the Secretary's original "position" in denying benefits, we found three things wrong with the Secretary's denial of widow's benefits: (1) the ALJ had failed to identify the listed impairments that he considered relevant to the claim of disability from arthritis; (2) the ALJ had failed to meet his responsibility under this circuit's precedents to insure adequate development of a record; and (3) the ALJ had failed to consider the combined as opposed to separate effect of Cook's multiple impairments. For these reasons, we found it impossible to determine whether the denial of benefits was or was not supported by substantial evidence. Accordingly, we remanded for reconsideration of the claim.
 
 
 14
 Upon the remand, a different ALJ again found that the claimant met none of the listed impairments relevant to her claim of disability based upon either her physical (arthritis) or mental condition. But on remand by the Appeals Council for yet another hearing, a third ALJ at last found disability based entirely upon Cook's mental condition (the arthritic condition was not addressed except as a contributing factor to the claimant's disability from a listed mental impairment).
 
 
 15
 Notwithstanding our remand for reconsideration of the original denial of benefits and the Secretary's ultimate reversal of his original position, we think the government has sufficiently demonstrated that its original position was substantially justified. Two of our bases for remand--failure to explicate and failure to develop an adequate record--essentially spoke not to the justification for the Secretary's original position on the merits of the claim, but simply to the inadequacy of the record to permit effective judicial review. As it turns out, the Secretary was fully justified in originally rejecting any claim of disability resulting from arthritic conditions. None of the medical evidence, including that of a Dr. Jarved who examined claimant at the Secretary's request specifically to evaluate her arthritis, established that she met any of the listed impairments specific to arthritis. The ultimate award of benefits was not based upon the claim of physical disability. The fact that an original administrative decision has been found inadequately explicated or based upon an inadequately developed record to permit fair judicial review does not of course mean that it could not be substantively justified. See FEC v. Rose, 806 F.2d 1081, 1088 (D.C.Cir.1986). And such is the case here with respect to the Secretary's original, and consistently maintained, position respecting Cook's claim of disability resulting from arthritis.
 
 
 16
 As to the mental condition upon which the Secretary ultimately awarded benefits, it suffices to note that in the interval between original denial and final award by the Secretary, the relevant listing was critically revised in claimant's favor. Specifically, listing 12.04, as revised pursuant to the Disability Benefits Reform Act of 1984, removed the former requirement of a marked deterioration of personal habits. It was the revised listing upon which the third ALJ finally found disability. Under the earlier listing and the medical evidence then before him, the Secretary's original denial was substantially justified.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 After a first hearing on remand, an ALJ found that Cook still did not have a mental condition that met the listed requirements. The Appeals Council reversed, and sent the case to another ALJ, who held additional hearings and found that claimant's mental illness met the listing concerning affective mental disorders. Between the date of the Secretary's initial decision to deny benefits based on Cook's mental illness and the decision to grant benefits, the Secretary had revised and relaxed the relevant listing. Compare Sec. 12.04 (1984) (requiring marked deterioration of personal habits) with Sec. 12.04 (1988) (no such requirement)
 
 
 [2]
 The fact that a claimant ultimately prevails only because of changed circumstances or changed law after an initial rejection of her claim by the government does not prevent her from being, nonetheless, a "prevailing party," Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir.1987)