William C. ABERNATHY,
Plaintiff–Appellant,

v.

Robert L. CLARKE, Comptroller of the
Currency, Dept. of Treasury,
Defendant–Appellee.

No. 87–3055.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 3, 1988.

Decided Sept. 21, 1988.

Thomas Parks Jennings, for plaintiff-appellant.

Rosa M. Koppell, Office of the Comptroller of the Currency (Eugene M. Katz, Office of the Comptroller of the Currency, Washington, D.C., Henry E. Hudson, U.S. Atty.; Paula P. Newett, Asst. U.S. Atty.,

---

**2.** All supplemental authorities submitted by counsel in this action have been considered.

Alexandria, Va., on brief), for defendant-appellee.

Before WILKINS, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

WILKINS, Circuit Judge:

William C. Abernathy appeals the denial of his application for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West 1978 & Supp.1988). We affirm the denial of attorney's fees, but reverse and remand for an award of costs.

## I.

Abernathy owned 12 shares of stock in the First National Bank of Fordyce in 1983 when two-thirds of the shareholders voted to transfer their stock to another corporation in a consolidation. The minority shareholders, including Abernathy, were to receive $300.00 per share from the acquiring corporation. Believing that his stock was worth substantially more than that amount, Abernathy dissented from the consolidation and exercised his appraisal rights pursuant to 12 U.S.C.A. § 215(c) (West Supp.1988). Under this section the Office of Comptroller of the Currency appraises the stock of national banks whose shareholders dissent from mergers and consolidations. The Comptroller subsequently appraised Abernathy's stock at $156.60 per share.

Dissatisfied with this appraisal, Abernathy brought suit under the provisions of the Administrative Procedure Act (APA), 5 U.S.C.A. § 706(2)(A) (West 1977), to set aside the appraisal as arbitrary, capricious, or an abuse of discretion. Specifically, Abernathy alleged that the Comptroller erroneously concluded that a reliable market price did not exist for the bank stock. The Comptroller conceded that significant sales of the bank stock had occurred but refused to consider the market price created by these sales because those shares had been traded by corporate insiders. The district court reversed the Comptroller and remanded with directions to reconsider and to detail its finding regarding the nonexistence of a stable market value upon which to base an appraisal.

On remand, the Comptroller solicited comments from Abernathy who submitted a letter explaining why he believed the market value reflected the true value of the stock. He also provided to the Comptroller a law review article supporting his position. *See* Gilson and Kraakman, *The Mechanisms of Market Efficiency,* 70 Va. L.Rev. 549 (1984).

The Comptroller issued a second appraisal in May 1986, again setting the value at $156.60 and stating that no weight would be given to market value because the stock was not actively traded and because of insufficient information regarding recent trades. Abernathy brought another APA action seeking to have the determination reversed as arbitrary and capricious. The district court again agreed with Abernathy and reversed and remanded with instructions for the Comptroller to give detailed reasons to support the finding that no sound market price existed for the bank stock. We were informed during oral argument that the Comptroller has since issued a third appraisal setting the same value on the stock as before.

Following the second reversal by the district court, Abernathy filed an application for costs and attorney's fees under EAJA. The district court denied the application, finding that the Comptroller's position had been substantially justified, thereby precluding an award. A motion for reconsideration was also denied.

## II.

Under EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C.A. § 2412(d)(1)(A). The government has the burden of justifying its position, *Campbell v. Bowen,* 800 F.2d 1247, 1249 (4th Cir.1986), and the district

court's decision is subject to reversal only upon a showing of an abuse of discretion. *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

■ Abernathy argues that a government agency action reversed as arbitrary and capricious is by definition not substantially justified. This contention finds some support in portions of the legislative history of EAJA. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138. However, this court has rejected such an argument and has held that the proper inquiry is whether the government's position was "reasonable in fact and law." *Pullen v. Bowen,* 820 F.2d 105, 107–08 (4th Cir.1987); *Anderson v. Heckler,* 756 F.2d 1011, 1013 (4th Cir.1985).

This standard was recently identified by the Supreme Court as the proper test for a determination of substantial justification under EAJA. *Pierce,* 108 S.Ct. at 2547–48. In rejecting a position similar to that advanced by Abernathy, the Supreme Court stated that "a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 2549 n. 2.

■ Applying this standard the district court did not abuse its discretion in concluding that the Comptroller's position was substantially justified. The Comptroller used the "Delaware Block" appraisal method whereby a market price may be deemed not to exist even where shares have recently been traded. *See, e.g., Keeffe v. Citizens & Northern Bank,* 808 F.2d 246, 250–51 (3d Cir.1986). Although the district court determined that the Comptroller failed to properly detail the reasons supporting the conclusion that the trades did not provide a sound market price, the Comptroller's position was certainly consistent with the reluctance under the Delaware Block method to consider insider trades as establishing a market price. This method of appraisal was reasonable in fact and law and the district court therefore correctly denied the application for attorney's fees.

## III.

■ The district court also concluded that Abernathy was not entitled to receive costs since the Comptroller's position was substantially justified. Abernathy correctly argues that the statutory allowance of costs referred to in section 2412(a) is not predicated on a finding that the government's position was not substantially justified. He is entitled to recover the costs enumerated in 28 U.S.C.A. § 1920 (West 1966 & Supp.1988) as long as he qualifies as a prevailing party. A prevailing party is one who succeeds on any significant issue and thereby achieves some of the benefit he sought in commencing the litigation. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

■ Upon finding that the appraisal was arbitrary and capricious, the district court's authority was limited to setting the appraisal aside. 5 U.S.C.A. § 706(2)(A). It could not reappraise the stock, for that responsibility is entrusted to the Comptroller. 12 U.S.C.A. § 215(c). The district court's remand to the Comptroller was the only remedy available to Abernathy at that stage of the litigation. He was forced to institute two actions in an attempt to obtain a fair and detailed appraisal. The fact that Abernathy has yet to succeed in obtaining an appraisal with which he is satisfied does not alter the fact that he prevailed in having the case remanded to the Comptroller.

The district court's finding that the appraisal of the Comptroller was arbitrary because it lacked analysis of the issue of market value makes Abernathy a prevailing party. Thus he is entitled to an award of reasonable costs which include:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C.A. § 1923];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S. C.A. § 1828].

28 U.S.C.A. § 1920. We therefore reverse and remand with instructions that the district court determine and award reasonable costs.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.