**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MID-DEL THERAPEUTIC
CENTER, INC.; D. RICHARD
ISHMAEL, M.D., PC,

        Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 01-9000
(T.C. Nos. 9060-97, 9270-97)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Mid-Del Therapeutic Center, Inc. (Mid-Del) and D. Richard Ishmael, M.D., PC (PC), appeal the Tax Court's denial of litigation costs after successfully contesting the Commissioner of the Internal Revenue Service's (Commissioner) deficiency determinations in docket numbers 9060-97 and 9270-97. Because we conclude the Tax Court did not abuse its discretion in determining that the position of the government at trial was substantially justified, we affirm.

## I.

The facts surrounding this dispute are well known to the parties and described at length in both the Tax Court's Memorandum Findings of Fact and Opinion filed April 11, 2000, and its Memorandum Opinion filed December 19, 2000. Dr. Ishmael owns both Mid-Del and PC, which operate medical clinics that purchase and use chemotherapy drugs to treat patients with cancer and other serious illnesses. Until 1983, both Mid-Del and PC used the cash method of accounting for tax purposes, reporting the drugs used in patient treatments as supplies and not inventory. That year, Mid-Del switched to the accrual method for its tax purposes. [1] After being audited that year, Mid-Del was

---

[1]     Previously, Mid-Del had used the cash method of accounting for tax purposes, but the accrual method in its bookkeeping. Under the cash method of accounting, all items of gross income and expenditures for expenses are included in income or deducted in the taxable year in which they are actually received or

(continued...)

required to return to use of the cash method and to pay a tax deficiency of $12,485.

On April 23, 1997, the Commissioner determined that Mid-Del and PC were both required to use the accrual method of accounting in order to clearly reflect their income, and issued tax deficiencies of $140,025 for Mid-Del and $211,979 for PC. [2] Mid-Del and PC separately petitioned the Tax Court, and the cases were consolidated for trial.

---

[1](...continued)
made. Under the accrual method, income and deductions are included in the taxable year when (1) all of the events have occurred that fix the right to receive income or pay liability and the amount can be determined with reasonable accuracy; and (2) for, expenses, economic performance must have occurred during the taxable year. *See* Jacob Mertens, Jr., 2 Mertens Law of Federal Income Taxation § 12A (2001).

[2]     Section 446 of the Internal Revenue Code states:

(a) General Rule.– Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.
(b) Exceptions.– If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

26 U.S.C. § 446(a), (b).

The primary arguments at that trial were summarized by the Tax Court as follows:

> By regulation, the Secretary has determined that inventories are necessary in every case in which the production, purchase, or sale of merchandise is an income-producing factor in the taxpayer's business. See sec. 1.471-1, Income Tax Regs. Unless otherwise authorized by the Commissioner, a taxpayer who is required to maintain inventories must use an accrual method of accounting with regard to purchases and sales of inventory. . . .

> [The Commissioner] argues that the drugs at issue in this case are merchandise, the purchase and sale of which are income-producing factors in [Mid-Del and PC's] businesses, and, therefore, [Mid-Del and PC] are required to use the accrual method of accounting to report their taxable income. [Mid-Del and PC] take exception to [the Commissioner's] characterization of the drugs, countering that the drugs are supplies used in the course of treating patients, with the result that, under their view, the regulations requiring the use of the accrual method are inapplicable.

R. Vol. I, Doc. 30 (T.C. Memo. 2000-130) at 18-19 (further citations omitted).

After the cases were tried, but before the opinion was issued, the Tax Court issued an opinion that decided "for the first time whether the furnishing of pharmaceuticals by a medical treatment facility as an integral, indispensable, and inseparable part of the rendering of medical services is the sale of 'merchandise' for purposes of section 1.471-1, Income Tax Regs." *Osteopathic Med. Oncology & Hematology, P.C. v. Comm'r,* 113 T.C. 376, 380 (1999). In that case, the court held that the drugs at issue were not merchandise, and that the taxpayer, which specialized in treating cancer through chemotherapy, properly used the cash

-4-

method to expense the cost of its drugs and to report income. In the present case, the Tax Court relied heavily on its decision in *Osteopathic Med.* and found, for the same reasons, that the drugs used by Mid-Del and PC were not merchandise and that, therefore, they were not required to maintain inventories or use the accrual method of accounting. The court found for Mid-Del and PC, and the tax assessments were ultimately abated.

Mid-Del and PC subsequently filed for litigation costs pursuant to 26 U.S.C. § 7430. The Tax Court denied that motion, finding the Commissioner's position at trial, although unsuccessful, was substantially justified. This appeal followed.

**II.**

We review the Tax Court's denial of litigation costs for an abuse of discretion. *Barford v. Comm'r,* 194 F.3d 782, 786 (7th Cir. 1999); *see also Pate v. United States,* 982 F.2d 457, 459 (10th Cir. 1993) (applying same standard to district court applying § 7430). In applying this deferential standard, we are reminded by the Supreme Court "that a request for attorney's fees should not result in a second major litigation." *Pierce v. Underwood,* 487 U.S. 552, 563 (1988) (quotation omitted). Section 7430 states in pertinent part that "[i]n any . . . court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest or

penalty under [the Internal Revenue Code], the prevailing party may be awarded . . . reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a)(2). A prevailing party is one who has substantially prevailed in the amount in controversy or has substantially prevailed with respect to the most significant issue or set of issues presented. 26 U.S.C. § 7430(c)(4)(A). If the United States can establish that its litigating position was substantially justified, the petitioners will not qualify as prevailing parties. *Id.* § 7430(c)(4)(B). Here, the parties agree that Mid-Del and PC substantially prevailed, and dispute only whether the government's position was substantially justified.

The term "substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." *Pierce,* 487 U.S. at 565 (quotation omitted). In determining whether the position of the United States was substantially justified, "the court must look at all the facts and circumstances as well as relevant legal precedent." *Anthony v. United States,* 987 F.2d 670, 674 (10th Cir. 1993). The fact that the government loses the underlying litigation is not dispositive of the determination that its position was reasonable. Rather, "it remains a factor for our consideration." *Id.*; *see also Pierce,* 487 U.S. at 566 n.2 ("a position can be justified even though it is not correct, and we believe it can be substantially ( *i.e.,* for the most part) justified if

-6-

a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact").

Applying this test, we conclude the Tax Court did not abuse its discretion in finding the Commissioner was substantially justified in his litigation position. As that court noted, the Commissioner, relying on existing circuit and Tax Court precedent, argued reasonably that the drugs purchased and used by Mid-Del and PC were merchandise and an income-producing part of their business based on several factors tending to show that the drugs were no different from other tangible items held out for sale. It was only after the Tax Court issued *Osteopathic Med.,* that it was clear that chemotherapy and other drugs, when used in the course of treating patients under certain circumstances, were inseparable and subordinate to the overall medical service such that they could not be considered held out for sale as merchandise. That opinion was one of first impression and became final only days before the Mid-Del-PC opinion was handed down. The facts as they were at the time of litigation, along with the applicable legal precedent as well as the discretionary authority traditionally granted the Commissioner, were sufficient for the Tax Court to conclude that the government's position was justified to a degree that would satisfy a reasonable person.

## III.

On appeal, Mid-Del and PC present several arguments urging this court to find that the Tax Court abused its discretion in making its conclusion. However, we find these arguments to be unpersuasive. First, they argue that in order to decide whether the government's litigation position was substantially justified, the Tax Court must review the substantive merits of the case. Taken to an extreme, this argument presumes that a determination that the government would fail on the merits would necessarily lead to an award of litigation costs, a presumption that we have already explained is incorrect. *See, e.g., Anthony*, 987 F.2d at 674; *Graham v. United States (In re Graham),* 981 F.2d 1135, 1139 (10th Cir. 1992) ("[N]ot every losing party will have been substantially unjustified in its litigation position."). [3] Nevertheless, Mid-Del and PC argue

---

[3]     Related to this argument is Mid-Del and PC's claim, argued more forcefully in their motion for award of litigation costs before the Tax Court, that a finding that the Commissioner abused his discretion or acted arbitrarily, capriciously, or without sound basis in fact or law, necessarily leads to an award of litigation costs. This claim can be alluring because a court's finding that the government's position was arbitrary and capricious may appear, at least on the surface, to be at odds with its subsequent determination that the government's position was substantially justified. The opposite conclusion, however, is implicit in our cases cited previously (noting that the outcome in the underlying litigation is not dispositive of the question of litigation costs), and explicit in other cases in which reviewing courts use an abuse of discretion or similar standard to determine the merits of an issue but which, nonetheless, find that determination is not per se unreasonable. *See, e.g., Fed. Election Comm'n v. Rose,* 806 F.2d 1081, 1089 (D.C. Cir. 1986) (explaining agency position may be substantially justified even

(continued...)

that other substantive arguments, which were not addressed in the first opinion as being unnecessary in light of the Tax Court's favorable decision on the drugs-as-merchandise issue, demonstrate that the Commissioner was not substantially justified in his litigating position. However, in its memorandum opinion, the Tax Court again found that the relevant facts and circumstances, coupled with the Commissioner's legal theory and reliance upon applicable legal precedent, demonstrated substantial justification for his litigation position. Given our narrow standard of review, and after reading the record, we are persuaded that the Tax Court did not abuse its discretion in making this determination.

Second, Mid-Del and PC argue that their notice of deficiency was based on inaccurate accruable income computations that substantially overstated their deficiency, and claim that these errors further demonstrate that the Commissioner's litigation position was unjustified. Again, this argument attempts to collapse Congress' distinction between the legal standard for litigation cost evaluations and the applicable standard to the underlying merits of their claim. We decline to ignore that distinction.

---

[3](...continued)
if the action taken by the agency is deemed to be arbitrary and capricious); *Abernathy v. Clarke,* 857 F.2d 237, 239 (4th Cir. 1988) (rejecting argument that agency action reversed as arbitrary and capricious is, by definition, not substantially justified under 28 U.S.C. § 2412); *Nalle v. Comm'r,* 55 F.3d 189, 194 (5th Cir. 1995) (rejecting the same argument under 26 U.S.C. § 7430).

Finally, because Mid-Del was told in 1993 to return to the cash method of accounting, Mid-Del and PC now argue that we should invoke the doctrine of equitable estoppel to find that the Commissioner was barred from subsequently requiring them to switch to the accrual method. As noted by the Tax Court, the weight of authority on this issue favors the government. *See Auto. Club of Mich. v. Comm'r,* 353 U.S. 180, 183 (1957) ("The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law."); *see also Ezo Prods. Co. v. Comm'r,* 37 T.C. 385, 391 (1961); *Thomas v. Comm'r,* 92 T.C. 206, 224-27 (1989). The government concedes that it made an error in 1993, and we understand the obvious distress that particular error has caused Mid-Del and PC over the years. However, we will not disturb the Tax Court's ultimate finding in this case that the Commissioner's litigating position was substantially justified.

This court has carefully reviewed the remainder of Mid-Del and PC's arguments on appeal and finds them to be without merit. The judgment of the Tax Court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge