T.C. Memo. 2002-136

UNITED STATES TAX COURT

JOHN A. ROWE AND DONNA L. ROWE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20890-93, 21346-94.     Filed May 31, 2002.

<u>Rodney S. Klein</u> and <u>William T. Wray, Jr.</u>, for petitioner

Donna L. Rowe.

<u>Stephen R. Takeuchi</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  In <u>Rowe v. Commissioner</u>, T.C. Memo. 2001-325

(Rowe I), we granted petitioner Donna L. Rowe (hereinafter

petitioner) relief from joint and several liability pursuant to

section 6015[1] with respect to certain omitted income and erroneous deduction items giving rise to deficiencies. Additionally, we granted petitioner relief from joint and several liability for various penalties and additions to tax. Petitioner subsequently moved for an award of litigation costs pursuant to section 7430 and Rule 231. Neither party requested a hearing on the matter. Accordingly, we rule on petitioner's motion for litigation costs on the basis of the parties' submissions and the record in this case.

Background[2]

For the taxable years 1987 through 1990, petitioner and her husband, John A. Rowe (Mr. Rowe), filed joint Federal income tax returns. On June 25, 1993, respondent issued a notice of deficiency to petitioner and Mr. Rowe for their taxable years 1987, 1988, and 1989. On August 18, 1994, respondent issued a notice of deficiency to petitioner and Mr. Rowe for their taxable

---

[1]References to sec. 6015 are to that section as added to the Internal Revenue Code by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 734. References to sec. 7430 are to that section as in effect at the time the petitions were filed. Unless otherwise indicated, all other section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]We incorporate herein by this reference our findings of fact from our Memorandum Opinion in Rowe v. Commissioner, T.C. Memo. 2001-325 (Rowe I). We provide a brief summary of those relevant facts and set forth additional facts necessary to decide this case.

year 1990.  In the notices, respondent determined deficiencies in petitioner and Mr. Rowe's Federal income taxes, additions to tax, and penalties as follows:[3]

| | | Additions to Tax and Penalties | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6661 |
| 1987 | $173,817 | $130,363 | [1] | $43,454 |
| | | Sec. 6653(b)(1) | Sec. 6661 | |
| 1988 | 53,937 | $40,453 | $13,484 | -- |
| | | Sec. 6651(a)(1) | Sec. 6663 | |
| 1989 | 73,279 | $13,792 | $54,959 | -- |
| | | Sec. 6654 | Sec. 6662(c) | |
| 1990 | 124,891 | $8,057 | $24,978 | -- |

[1]50 percent of the interest due on $173,817.

Petitioner and Mr. Rowe timely filed petitions with this Court on September 27, 1993, and November 18, 1994, respectively, disputing all the determinations contained in the notices of deficiency.[4]  No claim for relief from joint and several liability was made in either of the petitions.  Respondent filed corresponding answers to the petitions on November 29, 1993, and December 27, 1994, respectively, denying the allegations contained in the petitions.  The two cases were subsequently consolidated for trial, briefing, and opinion.

---

[3]The fraud additions to tax pursuant to sec. 6653(b) for the taxable years 1987 and 1988 and the fraud penalty pursuant to sec. 6663 for the taxable year 1989 related only to Mr. Rowe.

[4]Petitioner resided in Florida at the time the petitions in this case were filed.

On February 2, 1999, petitioner filed amended petitions seeking entitlement to relief from joint and several liability under section 6015.  In her amended petitions, petitioner did not dispute the accuracy of the deficiencies, additions to tax, and penalties contained in the notices of deficiency.  On March 31, 1999, respondent filed his answers to petitioner's amended petitions.  In his answers to the amended petitions, respondent, on the assumption that petitioner had made a valid election with respect to the benefits of section 6015, conceded that, pursuant to section 6015(c), petitioner was not liable for any deficiency associated with unreported income of $283,928, $29,924, $94,648, and $82,053, respectively for the years 1987 through 1990.  Respondent also conceded that petitioner was entitled to relief from joint and several liability under section 6015(c) for 1990 with respect to the following adjustments:  (1) Capital gain income of $11,919; (2) income of $82,053 on Schedule C, Profit or Loss From Business; and (3) all but $48.50 of interest income which was part of a $4,847 adjustment.

On June 6, 2000, respondent and Mr. Rowe entered into stipulations of agreed issues.  In the stipulations, Mr. Rowe conceded the accuracy of all the determinations respondent made in the notices of deficiency.

The trial in these consolidated cases was held on February 9, 2001.  At that time, the parties filed a stipulation of facts

and a first supplemental stipulation of facts. The concessions respondent made in his answers to petitioner's amended petitions were contained in the stipulations. During the trial, petitioner did not dispute the accuracy of respondent's determinations. Rather, petitioner presented evidence in support of her argument that she was not liable for the deficiencies, additions to tax, and penalties because she was entitled to relief from joint and several liability under section 6015.

On May 7, 2001, respondent and petitioner filed a stipulation of settled issues. In the stipulation, petitioner conceded that she was not entitled to relief from joint liability for an $85 theft loss adjustment in 1987 and a $6,253 income adjustment in 1990. Petitioner also conceded that she was not entitled to relief from joint and several liability for $48.50 of interest income, still in dispute, which was part of a $4,847 adjustment in 1990. Respondent conceded that petitioner was entitled to relief from joint and several liability under section 6015(c) for a $6,282 rental income adjustment in 1990 and for $112,979 of a $116,405 lump-sum distributions adjustment in 1990.

On brief, the parties presented arguments as to whether petitioner was entitled to relief from joint and several liability pursuant to section 6015 with respect to the following omitted income and erroneous deduction items giving rise to deficiencies: (1) Distribution proceeds from a retirement

account in petitioner's name; (2) capital gain income from the sale of jointly titled property; (3) mortgage interest deductions on jointly titled property; (4) losses related to a farming activity; and (5) charitable contribution deductions. Additionally, the parties addressed whether petitioner was liable for any additions to tax or penalties. Petitioner did not dispute the accuracy of respondent's determinations aside from her claim to relief from joint liability under section 6015.

In Rowe I, we held that petitioner was entitled to complete relief under section 6015(c) for the retirement account distributions and the farming activity losses because these items were allocable to Mr. Rowe, and petitioner did not have actual knowledge of the items. We found that the capital gains, mortgage interest, and charitable contributions items were allocable evenly between petitioner and Mr. Rowe. We then granted petitioner relief under section 6015(c) for the half of these items allocable to Mr. Rowe because we found that respondent had failed to establish that petitioner had actual knowledge of the items.[5] We held that petitioner was not entitled to relief under section 6015(b) for the portions of the

[5]As we noted in Rowe I, under sec. 6015(c) an individual cannot qualify for relief for the portions of items which are allocable to her; thus, petitioner was not entitled to relief under sec. 6015(c) for the portions of the capital gains, mortgage interest, and charitable contributions items allocable to her.

capital gains, mortgage interest, and charitable contributions items which were allocable to her because they were not erroneous items "of" Mr. Rowe. We then held that petitioner was entitled to equitable relief under section 6015(f) for the portions of the capital gains, mortgage interest, and charitable contributions items giving rise to deficiencies which were allocable to her. Finally, on the basis of the parties' concessions and section 6015(f), we concluded that petitioner was not liable for any of the remaining disputed additions to tax or penalties.

Discussion

Section 7430(a)(2) provides that a party that has prevailed in any court proceeding against the United States may be awarded reasonable litigation costs incurred in connection with the court proceeding. To obtain such an award, the prevailing party must establish that: (1) She has exhausted the administrative remedies available; (2) she has substantially prevailed in the controversy; (3) the position of the United States in the proceeding was not substantially justified; (4) she satisfies certain net worth requirements; (5) she has not unreasonably protracted the proceeding; and (6) the amount of the costs sought is reasonable. Sec. 7430(b) and (c). Petitioner bears the burden of proving that she satisfies each of these requirements. Rule 232(e); Grant v. Commissioner, 103 F.3d 948, 952 (11th Cir. 1996), affg. per curiam T.C. Memo. 1995-374; Gantner v.

Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990).[6]  Respondent concedes that petitioner has exhausted the administrative remedies available, has substantially prevailed with respect to the amount in controversy,[7] and did not unreasonably protract the proceedings.

I.   Whether the Position of the United States Was Substantially Justified

In order to obtain reasonable litigation costs in this case, petitioner must establish that respondent's position in the court proceeding was not substantially justified.  We apply the "not substantially justified" standard as of the date that the United States takes its position in the case.  For purposes of a court proceeding, the position of the United States is that which is set forth in the answers to the petitions.  Grant v. Commissioner, supra at 952; Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997).

---

[6]In the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701(b), 110 Stat. 1452, 1463 (1996), sec. 7430(c)(4) was amended to require the Government to establish that its position was substantially justified.  This amendment is effective for proceedings commenced after July 30, 1996.  The petitions in this case were filed before July 30, 1996; thus, the burden remains on petitioner.  Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 438-441 (1997).

[7]Although respondent concedes that petitioner has substantially prevailed with respect to the amounts in controversy, he disputes that petitioner has substantially prevailed with respect to all her arguments and contentions.

Whether the position of the United States was "not substantially justified" turns on an analysis of all the facts and circumstances, as well as any relevant legal precedents. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). A position is substantially justified if it is justified to a degree that could satisfy a reasonable person or it has a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552, 565, 566 n.2 (1988); Wilkes v. United States, __ F.3d __, __ (11th Cir., Apr. 22, 2002); Maggie Mgmt. Co. v. Commissioner, supra at 443; Livingston v. Commissioner, T.C. Memo. 2000-387. The fact that the United States loses or concedes issues is not determinative as to whether the taxpayer is entitled to an award of reasonable litigation costs. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986).

Petitioner generally argues that respondent's position was not substantially justified because no position against relief from joint and several liability for petitioner was reasonable under former section 6013(e)[8] or section 6015, which replaced

---

[8]Former sec. 6013(e) provided that a spouse could be relieved of tax liability if the spouse proved: (1) A joint return was filed; (2) the return contained a substantial understatement of tax attributable to grossly erroneous items of the other spouse; (3) in signing the return, the spouse seeking relief did not know, and had no reason to know, of the

(continued...)

former section 6013.  Petitioner claims that the facts on which this Court based its opinion were open and obvious and gave no reason for respondent to refuse to grant relief.  Finally, petitioner contends that caselaw under former section 6013(e) and current section 6015 lead to the conclusion that relief from joint and several liability was warranted in this case.

In making her claim for litigation costs, petitioner does not argue that respondent was not substantially justified in determining the amounts of the deficiencies, additions to tax, and penalties contained in the notices of deficiency.  Rather, petitioner's claim is based on respondent's position with respect to whether petitioner was entitled to relief from joint and several liability for the deficiencies, additions to tax, and penalties.[9]  Thus, the relevant inquiry is whether respondent's position regarding petitioner's entitlement to such relief was substantially justified.

In their original petitions filed in 1993 and 1994, petitioner and Mr. Rowe disputed all the determinations contained

---

[8](...continued)
substantial understatement; and (4) under the circumstances it would be inequitable to hold the spouse seeking relief liable for the substantial understatement.

[9]We note that petitioner's motion specifically addresses only the issues argued on brief by the parties and addressed by this Court in Rowe I.  Petitioner's motion does not specifically allege that respondent was not substantially justified with respect to the items for which he granted petitioner relief under sec. 6015.

in the notices of deficiency.  The issue of petitioner's entitlement to relief from joint and several liability was not raised in the petitions.  In his answers, respondent denied the allegations contained in the petitions.  The issue of petitioner's entitlement to relief under section 6015 was not formally before the Court until February 2, 1999, when the amended petitions were filed.  Rule 34(b); Barbour v. Commissioner, T.C. Memo. 2000-256.

We have previously adopted an issue-by-issue approach to the awarding of costs under section 7430, apportioning the requested award among the issues according to whether the position of the United States was substantially justified.  Swanson v. Commissioner, 106 T.C. 76, 102 (1996); O'Bryon v. Commissioner, T.C. Memo. 2000-379; see also Powers v. Commissioner, 51 F.3d 34, 35 (5th Cir. 1995).  We follow that approach here and separately discuss whether respondent's position was substantially justified with respect to:  (1) The issues respondent conceded before trial; (2) the issues respondent conceded after trial; and (3) respondent's denial of relief under section 6015(b), (c), and (f) for the remaining deficiencies, additions to tax, and penalties which were the subject of our Memorandum Opinion in Rowe I.

A.  Respondent's Concessions in Answers to Amended Petitions

Respondent's answers to the amended petitions were filed on March 31, 1999.  In his answers, respondent conceded that

petitioner was entitled to substantial relief under section 6015(c) for various income items. These concessions were subsequently agreed to in the stipulation of facts and the first supplemental stipulation of facts. Respondent's concessions as to these income items within 2 months of the filing of the amended petitions were reasonable in light of the fact that current section 6015 was a new statute raising interpretive issues. See, e.g., White v. United States, 740 F.2d 836, 842 (11th Cir. 1984) (Government's concession of issue 3 months after issue raised was reasonable); Sokol v. Commissioner, supra at 765 n.10 (citing cases discussing reasonable amount of time within which to investigate claims and concede issues); Livingston v. Commissioner, supra (Commissioner entitled to take reasonable amount of time after claim for relief from joint and several liability to verify whether facts established that taxpayer was entitled to such relief).

B.   Respondent's Concessions in Stipulation of Settled Issues

On May 7, 2001, the parties filed a stipulation of settled issues in which both respondent and petitioner conceded certain issues related to petitioner's entitlement to relief from joint and several liability. Petitioner has not alleged specific facts to establish why the delay in granting relief from the time the petitions were filed until the date the stipulation of settled issues was filed was not substantially justified. Indeed, the

parties' arguments on brief did not address these settled issues, which leads us to the conclusion that those issues were settled well before the actual filing of the stipulation. Accordingly, petitioner has failed to establish that respondent's position with respect to these conceded issues was not substantially justified. See, e.g., <u>Lozon v. Commissioner</u>, T.C. Memo. 1997-537.

    C.    <u>Respondent's Denial of Relief Under Section 6015</u>

Petitioner made valid elections for relief from joint and several liability under section 6015(b), (c), and (f). Before and after trial, respondent conceded that petitioner was entitled to partial relief under section 6015. We have already held that respondent's position with respect to these concessions was substantially justified. Respondent denied petitioner relief under section 6015(b), (c), and (f) with respect to the remaining deficiencies, additions to tax, and penalties. In Rowe I, we relied on section 6015(c) and (f) and held that petitioner was entitled to relief from joint and several liability for the remaining portions of the disputed deficiencies, additions to tax, and penalties. Petitioner argues that respondent was not substantially justified in denying her relief under section 6015(b), (c), and (f) with respect to the issues we decided in her favor.

1.    Section 6015(b)

Section 6015(b) provides relief from joint and several liability where:  (1) A joint return has been made for a taxable year; (2) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return; (3) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such an understatement; (4) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for the taxable year attributable to the understatement; and (5) the other individual makes a valid election.  Section 6015(b)(1) is similar to former section 6013(e)(1), and we may look at cases interpreting that section for guidance when analyzing section 6015(b)(1).  Butler v. Commissioner, 114 T.C. 276, 283 (2000); Braden v. Commissioner, T.C. Memo. 2001-69.

In Rowe I, we held that petitioner was not entitled to relief under section 6015(b) for the portions of the capital gains, mortgage interest, and charitable contributions allocable to her because these were not items "of" Mr. Rowe as required by section 6015(b)(1)(B).  We found it unnecessary to decide whether petitioner was entitled to relief under section 6015(b) for the IRA distributions, the farming activity losses, and the portions

of the capital gains, mortgage interest, and charitable contributions allocable to Mr. Rowe.  Thus, petitioner did not prevail on the issue of whether she was entitled to relief under section 6015(b) for these items, and we find that respondent's position was substantially justified.[10]

    2.   Section 6015(c)

Section 6015(c) provides relief from joint liability for spouses either no longer married, legally separated, or living apart.  Generally, this avenue of relief allows a spouse to elect to be treated, for purposes of determining tax liability, as if separate returns had been filed.  The electing spouse must first establish the portion of any deficiency allocable to her.  Sec. 6015(c)(2).  The electing spouse cannot qualify for relief under section 6015(c) for the portion which is allocable to her.  The electing spouse may be entitled to relief under section 6015(c) for the portion which is not allocable to her unless the Commissioner can demonstrate that she had "actual knowledge", at the time she signed the return, of the item giving rise to the deficiency.  Sec. 6015(c)(3)(C).

---

[10]In her motion, petitioner also claims that she would have been entitled to relief for all items under former sec. 6013(e). However, former sec. 6013(e) also predicated relief on a finding that the understatement was attributable to an erroneous item "of" the nonelecting spouse.  Former sec. 6013(e)(1)(B); Bokum v. Commissioner, 94 T.C. 126, 140 (1990), affd. 992 F.2d 1132 (11th Cir. 1993).

In Rowe I, we granted petitioner relief under section 6015(c) for the IRA distributions, farming activity losses, and the half of the capital gains, mortgage interest, and charitable contributions allocable to Mr. Rowe.  As previously mentioned, relief is not available under section 6015(c) for the portion of the deficiency allocable to the electing spouse; thus, petitioner was not entitled to relief under section 6015(c) for the halves of the capital gains, mortgage interest, and charitable contributions that were allocable to her.

### a.    IRA Distributions

In 1990, distributions were made from an IRA in petitioner's name and the taxable amount of the distributions was not reported on petitioner and Mr. Rowe's 1990 return.  Petitioner testified that she usually picked up the mail and that she opened the letters that were addressed to her.  Relying in large part on petitioner's credible testimony that she was unaware of the IRA or any distributions therefrom, we found that this item was allocable to Mr. Rowe and that petitioner did not have an actual and clear awareness of the omitted income.

Respondent's position was that petitioner was not entitled to relief under section 6015(c) for the IRA distributions because this item was allocable solely to her and she had actual knowledge of the IRA and the distributions.  Respondent based his position on the facts that the account was opened in her name,

periodic financial statements in her name were sent to her address, and petitioner herself testified that she usually picked up the mail and opened the letters addressed to her.

Section 6015(d)(3)(A) provides that, generally, an item giving rise to a deficiency on a joint return is allocated between the electing spouse and the former spouse in the same manner as it would have been allocated if they had filed separate returns for the taxable year. Additionally, the legislative history of section 6015(c) indicates that this type of income item is expected generally to be allocated on the basis of the source of the income and the ownership of the item giving rise to the income. S. Rept. 105-174, at 56 (1998), 1998-3 C.B. 537, 592. Petitioner bore the burden of establishing the allocation of this item under section 6015(c), and, largely on the basis of her testimony at trial, we found that petitioner established that the item was allocable to Mr. Rowe. However, on the basis of the facts known to respondent and the relevant legal precedent, we believe that respondent had a reasonable basis in both law and fact for arguing that this item was allocable to petitioner and she was not entitled to relief under section 6015(c).

### b.   Capital Gains

In 1987 and 1988, properties that were jointly titled in petitioner's and Mr. Rowe's names were sold. The checks representing the proceeds of the sales were issued payable to

petitioner and Mr. Rowe. Petitioner admitted signing the settlement statement for one of the properties and endorsing one of the checks. Petitioner's name was signed on the settlement statement for the other property and on the other check; however, petitioner disputed at trial that she had made these signatures. The capital gains from the sales of the properties were not reported on petitioner and Mr. Rowe's 1987 and 1988 returns.

We agreed with respondent that the capital gains were allocable evenly between petitioner and Mr. Rowe. However, we rejected respondent's argument that petitioner had actual knowledge of the omitted income. We did so largely on the basis of our finding that Mr. Rowe refused to allow petitioner to review most of their tax return information and that, consequently, she did not know of the sale of one of the properties, the amounts of the gain on the sales, or that any gains were made on the sales. We held that petitioner was entitled to relief under section 6015(c) for the half of the capital gains allocable to Mr. Rowe.

Respondent's position that petitioner had actual knowledge of the capital gains from the sales was based on the facts that she was a joint owner of the properties and her signature was on the settlement statements and the checks representing the proceeds of the sales. On the basis of these facts and the relevant legal precedent, we find that respondent had a

reasonable basis for arguing that petitioner had actual knowledge of the capital gains and, therefore, was not entitled to relief under section 6015(c) for the portion allocable to Mr. Rowe.

c.    Mortgage Interest

In 1987, 1988, and 1990, petitioner and Mr. Rowe overstated their mortgage interest deductions.  The mortgages related to properties which were in the joint names of petitioner and Mr. Rowe.  At trial, petitioner testified that she was aware that the residences were jointly titled and that loans were acquired on these properties.  Petitioner acknowledged signing the loan and deed documents for the properties.  Additionally, the evidence in the record demonstrated that petitioner wrote the checks for the mortgage payments in 1987 and 1988.

We agreed with respondent that the mortgage interest deduction items were allocable equally to petitioner and Mr. Rowe.  However, we rejected respondent's argument that petitioner had actual knowledge of the overstated deductions.  Our findings were based in large part on the trial testimony of both petitioner and Mr. Rowe that petitioner was given only the first two pages of the tax return when signing the return, and she was not afforded the opportunity to see or review any attachments, schedules, or other documents pertaining to the return.  We held that petitioner was entitled to relief under section 6015(c) for the half of the items allocable to Mr. Rowe.

Respondent's position that petitioner had actual knowledge of the overstated interest was based on the facts that the mortgages related to properties for which petitioner was aware she was listed as a joint owner, petitioner knew that loans were acquired on these properties because she acknowledged signing the loan and deed documents for the properties, and petitioner wrote the checks for the mortgage payments in 1987 and 1988. On the basis of these facts and the relevant legal precedent, we find that respondent had a reasonable basis for arguing that petitioner had actual knowledge of the overstated interest and, therefore, was not entitled to relief under section 6015(c) for the portion allocable to Mr. Rowe.

### d. Farming Activity Losses

For the years 1987 through 1990, petitioner and Mr. Rowe reported substantial losses related to a farming activity. Respondent disallowed these losses on the ground that the activity was not engaged in for profit within the meaning of section 183. Respondent's position with respect to petitioner's claim for relief under section 6015(c) was that the activity was allocable evenly between petitioner and Mr. Rowe, and relief was not available because petitioner had actual knowledge of the activity. Respondent's position was based on the facts that petitioner and Mr. Rowe were listed on the tax returns for 1987, 1988, and 1989 as the proprietors of the farming activity,

petitioner attended some horse shows, and petitioner testified that the horse activity was a fun thing for Mr. Rowe to do with his son on the weekends.

We found that the farming activity was allocable to Mr. Rowe because petitioner had little or no involvement in the activity, and she did not know that her name was listed on the tax returns as a proprietor of the activity. With respect to whether petitioner had actual knowledge of this item, we relied on our recent decision in King v. Commissioner, 116 T.C. 198 (2001), for the proposition that respondent was required to show that petitioner knew or believed that Mr. Rowe was not engaged in the farming activity for profit. Because respondent failed to establish that petitioner knew or believed that Mr. Rowe was not engaged in the farming activity for profit, we held that petitioner was entitled to relief for the farming activity losses.

As we noted in our previous opinion, the legislative history of section 6015(c) indicates that the allocation of business deductions is expected to follow the ownership of the business, and personal deduction items are expected to be allocated equally between spouses, unless the evidence shows that a different allocation is appropriate. S. Rept. 105-174, at 56-57 (1998), 1998-3 C.B. 537, 592-593. In the instant case, petitioner was listed on the joint tax returns as a proprietor of the farming

activity for 3 out of the 4 years in issue. Again, petitioner bore the burden of proving the appropriate allocation, and our finding that this item was allocable to Mr. Rowe was based in large part on petitioner's testimony that she did not know that she was listed as a proprietor of the activity. On the basis of the facts known to him and the relevant law, we believe that respondent was substantially justified in his position that half of this item was allocable to petitioner.

In King v. Commissioner, supra, we decided for the first time that the Commissioner must show that the electing spouse had "actual knowledge of the factual circumstances which made the item unallowable as a deduction" in order for the electing spouse to be denied relief under section 6015(c) for an item (or portion thereof) which is not allocable to her. Id. at 204. In that case, we applied this standard where the Commissioner disallowed deductions on the basis of the determination that a horse activity was not engaged in for profit within the meaning of section 183. We required that the Commissioner show that the electing spouse knew or believed that the other spouse was not engaged in the horse activity for profit. Id. at 205. King was filed on April 10, 2001, after the trial was held in this case.

Although we disagreed with respondent's argument that petitioner had actual knowledge under section 6015(c), we believe that respondent had a reasonable basis in both law and fact for

making this argument. King, which set forth for the first time the actual knowledge standard under section 6015(c) for deductions, as well as for situations involving section 183, was decided after the trial was held and during the briefing process of this case. The contemporaneous decision in that case, coupled with petitioner's representation that she thought the horse activity was a fun thing for Mr. Rowe to do with his son on the weekends, lead us to conclude that respondent's position on this issue was substantially justified.

e.   Charitable Contributions

Petitioner and Mr. Rowe claimed charitable contribution deductions on their 1987, 1988, and 1989 returns for payments to the church they attended. Respondent allowed the deduction for 1987 but disallowed the deductions for 1988 and 1989 on the ground that it was not shown that the contributions were made. Petitioner wrote the checks for the charitable contributions for 1987.

We agreed with respondent that these items were allocable equally to petitioner and Mr. Rowe because personal deduction items are generally to be allocated equally between spouses, and petitioner had failed to establish that a different allocation was appropriate. However, we rejected respondent's argument that petitioner had actual knowledge that the charitable contributions were not made. We found that Mr. Rowe was in charge of the

financial and business affairs, and we accepted petitioner's testimony that the amount tithed to the church was Mr. Rowe's decision. We held that petitioner was entitled to relief under section 6015(c) for the half of the charitable contributions allocable to Mr. Rowe.

Respondent's position that petitioner had actual knowledge that charitable contributions for 1988 and 1989 were not made was based on the fact that petitioner wrote the checks for the 1987 contributions, but no checks were presented to establish payments to the church in 1988 and 1989. Additionally, petitioner testified that she regularly attended the church and was very involved in church activities. Petitioner further testified that she was "told when to write checks to the church", and she wrote checks only when directed by Mr. Rowe. Under these circumstances, we believe that respondent had a reasonable basis to argue that petitioner had actual knowledge that the charitable contributions were not made in 1988 and 1989.

### 3. Section 6015(f)

Section 6015(f) permits the Secretary to relieve a spouse of liability if, taking into account all the facts and circumstances, it is inequitable to hold the spouse liable for any unpaid tax or deficiency (or any portion of either) and relief is not otherwise available under section 6015(b) or (c). Sec. 6015(f); Cheshire v. Commissioner, 115 T.C. 183, 197 (2000),

affd. 282 F.3d 326 (5th Cir. 2002).  Respondent's denial of equitable relief is reviewed under an abuse of discretion standard.  <u>Cheshire v. Commissioner</u>, <u>supra</u> at 198; <u>Butler v. Commissioner</u>, 114 T.C. at 292.

In Rowe I, we held that respondent abused his discretion in denying petitioner relief under section 6015(f) for the portions of the capital gains, mortgage interest, and charitable contributions that were allocable to her.  Additionally, we held that respondent abused his discretion in denying equitable relief for the remaining disputed additions to tax and penalties.

### a.    Items Allocable to Petitioner

In deciding whether petitioner was entitled to relief under section 6015(f) for the portions of the capital gains, mortgage interest, and charitable contributions allocable to her, we reviewed the factors listed in Rev. Proc. 2000-15, 2000-5 I.R.B. 447, the Internal Revenue Service's published guidelines on when equitable relief should be granted.  We discussed various factors, including petitioner's knowledge of the items giving rise to the deficiencies and of respondent's examination, the circumstances surrounding her role in the tax reporting process, her past and current financial situation, and the extent to which she benefited from the items giving rise to the deficiencies.  We found that compelling reasons existed for respondent to grant petitioner equitable relief.  Consequently, we held that

respondent abused his discretion in denying petitioner's claim for relief under section 6015(f) for the portions of the capital gains, mortgage interest, and charitable contributions items allocable to petitioner.

Petitioner emphasizes the fact that we found that respondent abused his discretion in denying equitable relief.  Petitioner claims that the facts upon which we based this finding were open and obvious and gave no reason for respondent to refuse to grant equitable relief.

A finding that the Commissioner abused his discretion does not necessarily mean that his litigating position was not substantially justified.  Mid-Del Therapeutic Ctr., Inc. v. Commissioner, T.C. Memo. 2000-383, affd. 30 Fed. Appx. 889 (10th Cir. 2002); Mauerman v. Commissioner, T.C. Memo. 1995-237. Rather, the determination of whether the Commissioner's position was not substantially justified where he is found to have abused his discretion is based on the facts and circumstances of the particular case, including the evidence in the record.  Mid-Del Therapeutic Ctr., Inc. v. Commissioner, supra; Mauerman v. Commissioner, supra.

Respondent claims that this is a case of first impression regarding this Court's review of the factors listed in Rev. Proc. 2000-15, supra, and his application of these factors was reasonable in light of the lack of contrary precedent. Respondent

contends that section 6015 and its legislative history contain no guidance or references indicating that a spouse may obtain relief for her own erroneous items. Additionally, respondent maintains that cases decided under former section 6013(e) and section 6015 have not allowed relief for a spouse's own items.

The Commissioner generally is not subject to an award of litigation costs under section 7430 where the underlying issue is one of first impression. TKB Intl., Inc. v. United States, 995 F.2d 1460, 1468 (9th Cir. 1993); Estate of Wall v. Commissioner, 102 T.C. 391, 394 (1994); Mid-Del Therapeutic Ctr., Inc. v. Commissioner, supra; see also Wilkes v. United States, __ F.3d at __ (citing Nalle v. Commissioner, 55 F.3d 189, 193 (5th Cir. 1995), affg. T.C. Memo. 1994-182, for the proposition that there is no per se rule that an award of costs under section 7430 can never be appropriate in the context of an issue of first impression). In Rowe I, we analyzed various factors listed in Rev. Proc. 2000-15, supra, in deciding whether respondent abused his discretion in denying equitable relief. At that time, there was little guidance on the application of the factors listed in the Commissioner's Revenue Procedure and on determining whether the Commissioner abused his discretion in denying relief under section 6015(f). Additionally, section 6015(f) and the legislative history do not specifically discuss whether an electing spouse is entitled to equitable relief if partial relief

has been granted under section 6015(b) and (c), and we are unaware of caselaw discussing this issue. Indeed, our holding in Rowe I represents the first instance where an electing spouse has been granted relief under section 6015(b) or (c) for a portion of a deficiency attributable to an item, and then granted equitable relief under section 6015(f) for the remaining portion of the deficiency attributable to the same item.

This was a complex case involving detailed findings of fact and the application of relatively new legal principles to these facts. Respondent's position was not contrary to existing caselaw and the language in the statute providing relief if "taking into account all the facts and circumstances, it is inequitable to hold the individual liable" requires a decision by the Commissioner on the basis of the particular facts of each case. Accordingly, we find that respondent's litigating position with respect to section 6015(f), although ultimately incorrect, was substantially justified.

### b.   Additions to Tax and Penalties

Respondent initially denied petitioner equitable relief for the additions to tax and penalties determined in the notices of deficiencies. On brief, the parties conceded some of the determinations. We note that petitioner has not presented specific arguments as to why respondent was not substantially justified in denying, or delaying in the granting of, relief for

the additions to tax and penalties.  Petitioner does reference our finding that respondent's denial of equitable relief with respect to the penalties was an abuse of discretion.  In any event, we believe that respondent's position with respect to the additions to tax and penalties had a reasonable basis in both law and fact.

The first case applying section 6015(f) to additions to tax and penalties was Cheshire v. Commissioner, 115 T.C. 183 (2000). In that case, we provided the following guidance in determining whether the Commissioner has abused his discretion in denying equitable relief in situations involving additions to tax or penalties:

> In our opinion, it is an abuse of discretion to deny relief under section 6015(f) in an addition to tax or penalty situation when on an individual basis the putative innocent spouse meets the statutory standard generally applied to all taxpayers that shows the addition to tax or penalty is inapplicable.  [Id. at 199.]

The Cheshire case was not filed until August 30, 2000, less than 8 months before the trial was held in this case.  The Court of Appeals for the Fifth Circuit recently affirmed our decision, on February 8, 2002.  Cheshire v. Commissioner, 282 F.3d 326 (5th Cir. 2002).

We have already found that respondent's position with respect to the issue of petitioner's entitlement to relief under section 6015 for the deficiency determinations contained in the

notices of deficiency was substantially justified.  We also believe that the factual circumstances of this case, the newness of the statute, and the relevant legal precedents all support a finding that respondent had a reasonable basis for his position and was substantially justified in not granting petitioner equitable relief for the additions to tax and penalties.

II.  Conclusion

The underlying case, Rowe I, involved the application of section 6015, a new statute with complex and novel interpretive issues.  See Livingston v. Commissioner, T.C. Memo. 2000-387. During the period the parties were engaged in this litigation, relatively few cases had been decided under section 6015, and the caselaw in this area is still developing.  In deciding the underlying case, we were forced to examine the legislative history of the new statute and the limited caselaw in the area. In some instances, we were faced with issues which this Court had not squarely addressed.  We also note that our holdings that petitioner was entitled to relief from joint and several liability for the remaining omitted income and erroneous deduction items, penalties, and additions to tax were based in large part on the testimony of petitioner, which we found to be credible.  The determination of credibility was vital to petitioner's being granted relief under section 6015, and

petitioner's testimony was necessary to resolve the matter in her favor.

In conclusion, although we disagreed with respondent's position in Rowe I, we hold that his litigation position that petitioner was not entitled to relief from joint and several liability was substantially justified because the position was reasonable given the facts and circumstances of petitioner's case and the relevant legal precedents.  Accordingly, we hold that petitioner is not entitled to recover litigation costs.  As a result of our disposition, it is unnecessary to decide whether petitioner meets the net worth requirement and has shown that the amount of costs sought is reasonable.

An appropriate order will be issued denying petitioner's motion for litigation costs.